AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: District of Massachusetts | |
|---|---|---|
| Name: Jesse R. Quinerly | Prisoner No. W51434 | Case No. |
| Place of Confinement: M.C.I. Norfolk, P.O. BOX 43, Norfolk, MA. 02056-0043 | 03-12552 GAO | |
| Name of Petitioner (include name under which convicted): Jesse R. Quinerly | Name of Respondent (authorized person having custody of petitioner): V. Luis Spencer, Superintendent | |

The Attorney General of the State of: MASSACHUSETTS

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Suffolk Superior Court
   607 U.S. Post Office & Courthouse, 90 Devonshire St. Boston, MA. 02109

2. Date of judgment of conviction  Judged and sentenced on, November 5, 1991

3. Length of sentence  Concurrent terms of 20-30 in state prison.

4. Nature of offense involved (all counts)  Kidnapping, Armed Robbery, Rape, Assault, and Firearms convictions
   Kidnapping, (G.L. c. 265, §26). Armed Robbery (G.L. c.265, §17). Assault with a handgun,
   (G.L. c. 265, §15B), and 3 cts. Aggravated Rape, (G.L. c. 265 §22).

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Commonwealth of Massachusetts, Appeals Court__

   (b) Result __Conviction(s) Affirmed__

   (c) Date of result and citation, if known __November 28, 1994, Citation; 37 Mass. App. Ct. 1121__

   (d) Grounds raised __Questioning the Venue of the Rape and Armed Assault convictions.__
   __Ineffective Assistance of Trial Counsel, a). Failure to file a motion to suppress.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Suffolk Superior Court__

    (2) Nature of proceeding __Mass. R. Crim. P. Rule 30, Motion for a New Trial__

    (3) Grounds raised __Deprivation of defendant's right to testify, Ineffective Assistance__

(3)

of Counsel; a). Failure to hire an investigator, b). Failure to call the Examining Doctor, c). Failure to obtain the results of a Rape Kit. And the aforementioned suppression issues.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒    No ☐

(5) Result  Motion for a New Trial Denied.

(6) Date of result  March 13, 2001

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Suffolk Superior Court

(2) Nature of proceeding  Motion for reconsideration

(3) Grounds raised  Same as above.

\*\* Defendant filed a Motion "Traverse" (sic), treated as a Motion for a New Trial, ruled as waived for failure to allege in Appeals Court. Denied- June 13, 2003.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result  Denied

(6) Date of result  July 23, 2001     \* see above

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.         Yes ☒    No ☐
(2) Second petition, etc.        Yes ☒    No ☐    Inclusive

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Conviction obtained by evidence gained in violation of defendant's 4th. Amendment protections against illegal search and seizure, and denial of full and fair opportunity to dispute admissibility.

Supporting FACTS (state *briefly* without citing cases or law) In that the defendant was denied his right to an exclusionary hearing to dispute the inclusion of evidence gained due to an unlawful detention, premised upon a teletype construed as a general warrant for arrest and seizure.

B. Ground two: Conviction obtained by evidence gained in violation of defendant's 4th. Amendment protections against illegal search and seizure, and denial of full and fair opportunity to dispute admissibility.

Supporting FACTS (state *briefly* without citing cases or law) Defendant was denied an opportunity to contest the inclusion of evidence obtained by a false document purported to be a lawful search warrant, presented to the girlfriend at the defendant's residence, who was threatened when she attempted to view the document, defendant was denied an opportunity to present these claims and averments.

(5)

C.   Ground three: Conviction obtained without allowance of the defendant to present witnesses in his defense, in violation of the 5th. Amendment.

Supporting FACTS (state *briefly* without citing cases or law) In that the defendant actively and vigorously promoted the testimony of his girlfriend, both as witness in support of the suppression of illicit evidence and to support the defense theory of, consent by the purported "victim" to the totality of events occurring up to the point of the "victim's" abrupt departure. The Court erroneously accepted hearsay representations of the absent attorney, appointed to the witness. Further, the Court neglected to account for the witness surety appearance bond. See Attached:

D.   Ground four: Ineffectiveness of Appellate Counsel, in completely and totally disregarding the defendant's attestments and assertions.

Supporting FACTS (state *briefly* without citing cases or law) Appellate counsel was aware or should have been aware of all of the above assertions, (excepting the deceptions of trial counsel at post trial), and was instructed by the defendant as to the claims to file and pursue, yet in complete and total disregard to the defendant's wishes appealed frivolous and unwarranted issues. In absolute defiance to the defendant/appellant's instructions.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: It is the Petitioner's contention that all claims, excepting Claim #8, have been exhausted. Petitioner would issue claim that he is "Actually Innocent" of the crimes convicted, also as concerns the requirements of AEDPA and U.S.C. §2254, would invoke "Cause & Prejudice.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)   At preliminary hearing   Ms. Rosemary Williams-Hill, Esq. C.P.C.S.

    (b)   At arraignment and plea  Ms. Rosemary Williams-Hill, Esq. C.P.C.S.

## Addendum

Ground 3 continued: the alleged statement was an invocation of 5th. Amendment protections against self-incrimination. This statement was entered into record in defiance of the witness' appearance at the hearing and sworn affidavit.

Ground Five : Ineffective Assistance of Counsel, in both the single assertion and the sum of all such allegations. Additionally for failure to defend the separate claims presented forthwith.
**Supporting FACTS (state briefly without citing cases or law)**
In that counsel defied the defendant's claims and desires to present witness', twice defied the defendant's demands to move for an Exclusionary Hearing.

Ground Six : Ineffective Assistance of Counsel, in both the single assertion and the sum of all such allegations. Additionally for failure to defend the separate claims presented forthwith.
**Supporting FACTS (state briefly without citing cases or law)**
Denied defendant's demand for further process on the denial of the Court's rejection of defense witness testimony.

Ground Seven: Ineffective Assistance of Counsel, in both the single assertion and the sum of all such allegations. Additionally for the failure to defend the separate claims presented forthwith.

**Supporting FACTS (state briefly without citing cases or law)**

Failed to honor defendant's demand to amend jury instructions, and failure of the attorney to object to the introduction of the medical report without benefit of supporting testimony, denying the defendant's demand to subpeona the medical examiners, threatening the defendant with a trial disruption and his withdraw should he object to the court as to the manner of his defense.

Ground Eight: Ineffective Assistance of Counsel, in both the single assertion and the sum of all such allegations. Additionally for the failure to defend the separate claims presented forthwith.

**Supporting FACTS (state briefly without citing cases or law)**

Deceiving the court in post-conviction proceedings as to the substance of pre-trial instructions and conversations and their timing relevant to the trial.

AO 241 (Rev. 5/85)

    (c) At trial   Bruce Carroll, Esq. C.P.C.S.

    (d) At sentencing   Bruce Carroll, Esq. C.P.C.S.

    (e) On appeal   Elliot Weinstien, Esq. C.P.C.S.

    (f) In any post-conviction proceeding   Mr. Jeffery Yelle, Esq. C.P.C.S.
The balance of representation has been null, thus filed in pro-se', with assistance from various jailhouse lawyer's and paralegals.

    (g) On appeal from any adverse ruling in a post-conviction proceeding   in pro-se'

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

    *Jesse R. Quinerly*
    Signature of Attorney (if any)
    Jesse R. Quinerly, in pro-se'

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Nov 20, 2003
(date)

    *Jesse R. Quinerly*
    Signature of Petitioner

(7)

CERTIFICATE OF SERVICE

I, Jesse Quinerly, petitioner in pro-se', hereby certify that a true copy of the foregoing; Petition for Writ of Habeas Corpus, was served to the respondent; Luis Spencer, Superintendent, MCI Norfolk / 2 Clark St., Norfolk, MA. 02056-0043. by First Class, Certified-Return Receipt Requested U.S. Mail, on this 20th day of November, 2003.

SO SWORN _Jesse R. Quinerly_
Jesse Quinerly, in pro-se'

CERTIFICATE OF SERVICE

I, Jesse Quinerly, petitioner in pro-se', hereby certify that a true copy of the foregoing; Petition for Writ of Habeas Corpus, was served to the respondent; Thomas Reilly, Attorney General, Massachusetts One Ashburton Place, Boston, MA. 02108. by First Class, Certified-Return Receipt Requested U.S. Mail, on this 20th day of November, 2003.

SO SWORN _Jesse R. Quinerly_
Jesse Quinerly, in pro-se'