UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY SUITE 2300
BOSTON MASSACHUSETTS 02210

IN HABEAS COURT ACTION
No, 03-12552-G.A.O.

QUINERLY  V.  SPENCER

SUFFOLK SUPERIOR COURT
No-094963-094965-66-67

APPEALS COURT
No-93-P-196, No-02-P-829

FURTHER APPELLATE REVIEW
No-13550.

JESSE R. QUINERLY
PETITIONER

V.

LUIS SPENCER
RESPONDENT

**PETITIONERS INITIATED MOTION FOR SUMMARY JUDGEMENT and ATTACHED RECORD EXHIBITS.**

Now comes the indigent and untrained in law petitioner in the above entitled matter. The purpose for petitioners initiated motion for summary judgement, Is to point the courts attention to " THE CONTROLLING FEDERAL STANDARD" in petitioners case- **UNITED STATES  V.  HENSLEY 105  S. Ct. 675...**
AS A MATTER OF LAW PETITIONER IS ENTITLED TO THE WRIT AND TO A DISCHARGE OR REMAND FOR THE FOLLOWING REASONS.

1

1, Petitioner has been denied **FULL AND FAIR OPPORTUNITY TO LITIGATE HIS FOURTH AMENDMENT CLAIMS,** Through a PROBABLE-CAUSE EXCLUSIONARY HEARING, Due to the **'UNCONSCIONABLE-BREAKDOWN"** in the Mechanism or Process systematically applied in such a way that prevented actual litigation of petitioners fourth amendment claims on there merits.

See, relative excerpts of trial transcripts VOL II OCT-29-1991
1⌐ Pg, 2-60-L-15 thru Pg, 2-65, Pg 2-70-L-8- thru Pg 2-71-L-1 thru L-3,

See, trial transcripts VOL III OCT-30-1991 Pg 3-109-L-19- thru Pg 3-110....

Then see, "**AFFIDAVIT OF JULIANA DELANEY**" and attached copies of ORIGINAL LETTERS and "**RELEVANT LEGIBLE PORTIONS** of Letters written to petitioner from juliana delaney, Postmarked JAN-17-1992, and Postmarked JUN-30-2001.

2, WHEN EVIDENCE IS UNCOVERED DURING A SEARCH INCIDENT TO AN ARREST IN RELIANCE MERELY ON A FLYER OR BULLETIN ITS-- admissability turns on whether the OFFICERS WHO "ISSUED" the flyer possesed PROBABLE-CAUSE TO MAKE THE ARREST,,,, **UNITED STATES V. HENSLEY** 105 Sct. 681, I.D. at 231....

See petitioners motion entitled "TRAVERSE" See attached Exhibit #2 attached to petitioners TRAVERSE....

---

1⌐ "TRANSCRIPTS REFERENCED" e.g., Pg 2-60-line-15 of the refered page thru Pg 2-65.

2

See, "TELETYPE ISSUING OFFICER EVELYN BRYAN'S" Trial Testimony OCT-30-1991 Pg-1-56 thru 1-73, Continued Testimony, DAY THREE OCT-31-1991 Pg-4 thru Pg-25.

See, Trial Testimony of Police Officer JAMES FEE, DAY THREE OCT-31-1991, Pg-31 thru Pg-37, Officer James Fee RELIED on the information cited in the Teletype to effectuate petitioners warrantless arrest and warrantless search and seizure.

3, Petitioner respectfully request that this court determine in connection with **UNITED STATES V. HENSLEY 105 S.Ct. 675** whether that Teletype alledges **"SPECIFIC ARTICULABLE FACTS"** that petitioner commited any felony offenses as cited in that teletype.

4, Petitioner respectfully request that this court determine in connection with UNITED STATES V. HENSLEY, As to whether there was an **objective reliance** on the issued teletype.

5, Petitioner respectfully request that this court determine in connection with UNITED STATES V. HENSLEY, whether there was **exigent circumstances** for the warrantless arrest and warrantless search and seizure of petitioners person and apartment that petitioner shared with girlfriend.

6, Petitioner respectfully advises this court that the Language cited in **TERRY V. OHIO 88 S.Ct. 1868**, As cited in- UNITED STATES V. HENSLEY, Is Non-Applicable

3

Becaues petitioners warrantless arrest and incident-warrantless search and seizure was not effectuated as a result of an **"INVESTIGATORY STOP"** which would then implement 'REASONABLE SUSPICION' a less demanding standard of-probable-cause, Petitioner was subjected to a-**full scale arrest,** In which petitioners Fourth Amendment Protection Rights are automatically implemented, thus petitioners warrantless arrest is governed by the-probable-cause standard provided by the text of the Fourth Amendment itself.

7, Petitioner respectfully submits that trial counsel and first appellate counsel rendered **ineffective assistance of counsel** in there out right failure of **"DUE DILIGENCE"** to raise-petitioners constitutional claims as submitted before this court. In that, Both trial counsel and appellate counsel certainly had in there possesion the "DISCOVERY PACKAGE" which included all police reports including the defective search warrant and the teletype.
**See, first appellate counsels arguement, BRIEF No 93-P-196 attached herein.**

4

Petitioner respectfully submits that the Appeals Court Decision, 93-P-196, **Does not constitute a Full and Fair-Opportunity to Litigate petitioners Fourth Amendment claims where there is no adjudication on the merits in compliance with the Fourteenth Amendment.**

See, Bottom Phrase of Appeals Court Decision Rule:128 93-P-196 where it states,

**THERE IS NO MERIT TO THE ARGUEMENT THAT TRIAL COUNSEL WAS INEFFECTIVE.**

Petitioner respectfully advises this court that **93-P-196** consisted of **'two arguments'** Submitted to the appeals court

**Arguement 1, Venue to prosecute rape and assault indictments.**

**Arguement 2, Trial counsel rendered ineffective assistance of counsel failing to investigate and failing to file timely motion to suppress.**

Petitioner respectfully submits, that there was no state-court adjudication of federal issue on merits within meaning of section **2254(d)(1).** BECAUSE STATE COURT RELIED EXCLUSIVELY ON STATE LAW AND DID NOT MENTION OR APPEAR TO APPLY THE CONTROLLING FEDERAL PRECEDENT... NOR CITE OR RELY UPON STATE PRECEDENTS THAT IN TURN, CITE OR RELY UPON CONTROLLING FEDERAL PRECEDENT.

See, Opening statement of Appeals Court Decision Rule:128 02-P-829, Attached Herein.

5

Petitioner respectfully submits, That Appeals Court Decision 02-P-829, Is based on **"MATERIALLY INDISTINGUISHABLE FACTS"** Which renders the Appeals Court Decision **"Contrary To"** clearly established federal law as determined by the Supreme Court of the United States,

See, **UNITED STATES V. HENSLEY 105 S.Ct. 675, and 2254 (d)(1).** Petitioners position in connection with United States V. Hensley is abundantly clear and concise.

**See, Petitioners motion entitled "TRAVERSE".**

6

In sum, Petitioner respectfully reiterates that petitioner is **indigent, pro-se and untrained in the law.** And cannot and will not attempt to match wits with this Honorable Court Petitioners only prayer is that this court Fully and Fairly consider petitioners assertions as to whether petitioner was denied a Full and Fair opportunity to litigate petitioners fourth amendment claims through a**n** **Exclusionary Hearing.** Petitioner respectfully submits that the record speaks for itself, Where there is no doubt that the record shows the **"UNCONSCIONABLE BREAKDOWN"** in the mechanism or process applied that prevented actual litigation of petitioners- fourth amendment claims relative to petitioners **initial request to have an EXCLUSIONARY HEARING,** In fact there are multiple **unconscionable breakdowns** throughout all the- subsequent litigation processes that do not add up to a full and fair opportunity to litigate.

There is no doubt that the appeals court decision **93-P-196** does not constitute a Full and Fair Opportunity to Litigate petitioners fourth amendment claims in compliance with the fourteenth amendment.. Because there is no adjudication on the merits of first appellate counsels arguement, Even though appellate counsels arguement is constitutionally deficent as a result of **FAILED DUE DILIGENCE.**

There is no doubt that appeals court decision 02-P-829 is "**Contrary To**" Supreme Court Case Law UNITED STATES V. HENSLEY 105 S.Ct. 675, Where "THE APPEALS COURT RELIED ON MATERIALLY INDISTINGUISHABLE FACTS" in contrast to petitioners motion entitled "TRAVERSE".

It is petitioners opinion that the appeals court know that there decision is **contrary to** UNITED STATES V. HENSLEY where **the appeals court is seeking this Honorable Courts Deference to there decision 02-P-829** in deeming that petitioner had a full and fair opportunity to litigate petitioners fourth amendment claims even though-

**THE APPEALS COURT DECISION IS IN ERROR.** PETITIONER HAS NOT COME ACROSS ANY SUPREME COURT CASE LAW THAT ALLOWS THE UNCONSTITUTIONAL DENIAL OF A FUNDAMENTALLY REQUIRED CONSTITUTIONAL RIGHT, **(THE RIGHT TO BE HEARD)** The district attorney may argue waiver if he so chooses, But the fact of the matter is that **the record will not support that petitioner KNOWINGLY and INTELLIGENTLY WAIVED HIS FOURTH AMENDMENT PROTECTION RIGHTS.**

Petitioner respectfully submits that not only did the police have **no probable-cause** to warrantless arrest and search and seizure petitioners person and living abode, **The police did not even have every essential element of each offense charged.**

8

In which petitioner would have prevailed had petitioner been allowed an Exclusionary Hearing due to the fact the petitioner would have been due 'REQUIRED DETERRENCE OF SUPPRESSION' as a result of the police misconduct actions.

In closing petitioners initiated motion for summary judgement is appropriate for filing and review, It helps conserve the resources of the court, And directs the courts attention to the heart of petitioners claims and allegations, The petitioners legal case file is quite extensive, However if this court feels that review of petitioners entire legal case file is needed in order to satisfy the **interest of justice** then petitioner will forward any and all documentation to this Honorable Court so that a just conclusion of petitioners claims and allegations can be ascertained conclusively.

In that, **Petitioner prays that this court grant petitioners Writ of Habeas Corpus so that petitioner can be released from unlawful custody, Or at the least the case remanded back to state court, So that petitioner may have one-'unencumbered opportunity' to Fully and Fairly defend petitioners not guilty plea under the Fourth Amendment and Fourteenth Amendment.**

Sworn under the pains and penalties of perjury   *February 20/2004*

*Jesse R. Quinerly*
Jesse R. Quinerly

9

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of **PETITIONERS INITIATED MOTION for SUMMARY JUDGEMENT** was served upon the Respondent by first-class mail, postage pre-paid, on February 20/2004 addressed as follows:

Office of Attorney General Tom Reilly
One Ashburton Place
Boston, Ma 02108

*Jesse R. Quinnerly*