UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSE R. QUINERLY               )
   Petitioner                   )
                               )
v.                              )          Civil Action No. 03-12552-GAO
                               )
LUIS SPENCER                    )
   Respondent                   )

## ANSWER

The respondent, Luis Spencer, Superintendent, answers the numbered paragraphs of the above captioned petition for writ of habeas corpus as follows:

1-8.        Admitted.

9(a).      Admitted.

9(b).      Admitted.

9(c).      Admitted.

9(d).      Admitted.

9(e).      Denied.  And further answering, the petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court on January 23, 1995.  *Commonwealth v. Quinerly*, 419 Mass. 1106, 646 N.E.2d 1070 (1995)(Application denied.).  In his F.A.R. application, the petitioner asserted that he was indicted and tried in the wrong venue and that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress certain evidence.

9(f).      The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.

10.        Admitted.

11(a)(1)-(6).   Admitted.

2

11(b)(1)-(6).   Denied. And further answering, on June 22, 2001, the petitioner filed a motion for reconsideration of his initial motion for a new trial, which was denied without a hearing on July 23, 2001. On August 8, 2001, the petitioner filed a document labeled as "traverse," which was treated as a motion for a new trial and was denied on August 16, 2001. The petitioner then filed an appeal and the Massachusetts Appeals Court affirmed the denial of the motions on June 13, 2003. *Commonwealth v. Quinerly,* 58 Mass.App.Ct. 1105, 789 N.E.2d 1093 (2003).

11(c)(1)-(2).   The respondent admits that petitioner filed applications for further appellate review of his initial conviction and the denial of motions to the Massachusetts Supreme Judicial Court. *Commonwealth. v. Quinerly* 419 Mass. 1106, 646 N.E.2d 1070 (1995); *Commonwealth v. Quinerly*, 440 Mass. 1102, 795 N.E.2d 573 (2003).

12A-12H.   These paragraphs contain conclusions of law requiring no response. To the extent that the petitioner presents facts, they are denied.

14.   The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.

15.   Admitted.

16.   Admitted.

17.   The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph.

And further answering the respondent has obtained a copy of the transcripts of the petitioner's trial transcripts which will be submitted to the Court at the appropriate time if necessary. Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent filing a Supplemental Answer with the following documents:

(1) Brief and Addendum for Appellant on Appeal to the Massachusetts Appeals Court. (No. 93-P-196)

(2) Brief for the Commonwealth of Massachusetts on Appeal to the Massachusetts Appeals Court. (No. 93-P-196)

(3) *Commonwealth v. Quinerly*, 37 Mass.App.Ct. 1121, 643 N.E.2d 1066 (1994).

3

(4) Application for Further Review of Appellant to the Massachusetts Supreme Judicial Court, December 15, 1994 (FAR-07609)

(5) *Commonwealth v. Quinerly*, 419 Mass. 1106, 646 N.E.2d 1070 (1995)

(6) Brief and Record Appendix for Appellant on Appeal to the Massachusetts Appeals Court, June 12, 2002 (No. 2002-P-0829)

(7) Brief and Supplemental Appendix for the Commonwealth on Appeal to the Massachusetts Appeals Court, August 2002 (No. 2002-P-0829)

(8) Reply Brief and Appendix for the Appellate on Appeal to the Massachusetts Appeals Court, August 30, 2002 (No. 2002-P-0829)

(9) *Commonwealth v. Quinerly*, 58 Mass.App.Ct. 1105, 789 N.E.2d 1093 (2003)

(10) Application for further appellate review to the Massachusetts Supreme Judicial (FAR-13550)

(11) *Commonwealth v. Quinerly*, 440 Mass. 1102, 795 N.E.2d 573 (2003).

## Defenses

(1) The petitioner has failed to exhaust state remedies on each and every claim as required by 28 U.S.C. § 2254(b)(1)(A).

(2) The petitioner has presented several procedurally defaulted claims and the state court decision was based on an adequate and independent state law ground which is not cognizable on federal habeas corpus review.

(3) The petition raises a claim based purely on state law which is not cognizable on  federal habeas corpus review.

(4) The state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law.

 (5) The petition has failed to present a claim upon which federal habeas corpus relief can be granted.

4

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060


### Certificate of Service

I hereby certify that a true copy of the above documents was served upon Jesse R. Quinerly, pro se, MCI Norfolk, P.O. Box 43, Norfolk, MA 02056-0043, by first class mail, postage pre-paid, on June 18, 2004.

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060