United States District Court
District of Massachusetts

Jesse R. Quinerly
    Petitioner

v.

Steven O'Brien
    Respondent

FILED
CLERKS OFFICE

2004 JUN 30 A 11: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

Habeas Action
No. 03-12552-GAO

## Petitioners Opposition to Respondents Answer

Now comes the pro-se, indigent, Untrained in law petitioner in the above entitled matter.. Petitioner respectfully submits his opposition to Respondents Answer for the following reasons...

1) Respondent has defaulted all defenses and has been in default for failure to file an Answer or Responsive Pleading since April 23, 2004 (see, Docket Entry #4) See Order Entered — April 6, 2004 ...

2) Respondent filed a subsequent motion for Enlargement of time on or about June 10, 2004 to be enlarged to June 18, 2004..
(See Docket #10 #11) There is no indication in the dockets that respondents subsequent motion for enlargement of time has been allowed by the court, therefore Respondent remains in default even though petitioner received respondents answer June 22, 2004 ...

3, Respondent in there Answer or Responsive Pleading has failed to factually dispute petitioners constitutional claims and allegations, In creating a genuine issue as to a material fact in opposition to petitioners Writ of Habeas Corpus and Petitioners Initiated Motion for Summary Judgment...

4, Respondent in there Answer or Responsive Pleading have failed to dispute the legal merits of petitioners Constitutional Claims as submitted in Petitioners Writ of Habeas Corpus, And petitioners initiated motion for Summary Judgment, Therefore, Petitioner will request a fact finding procedure in the form of a Full Blown Evidentiary Hearing for Full and Fair Litigation and adjudication of petitioners claims on the merits...

5, Petitioner, filed Petitioners Motion and Renewed Request for Judgment on the Merits of Petitioners Constitutional Claims, As submitted in Petitioners Writ of Habeas Corpus and Petitioners Initiated Motion for Summary Judgment...
See, Bleitner V. Welborn 15 F.3d 652, 653, 654 (7th Cir 1994) See, Docket #9

6) Petitioner also submitted in petitioners motion and renewed request for judgment on the merits, that Petitioners Initiated Motion for Summary Judgment in support of petitioners Writ of Habeas Corpus gives This Honorable Court Jurisdiction to decide the case in absence of the states Response... See Gordon V. Duran 895 F.2d 610, 612, ― (9th Cir 1990)

7) Petitioner Through his pleadings has proven, And shown cause relative to being denied his ― 4th Amendment Protection rights Under the 14th Amendment Due process of laws rights under the constitution of the United States of America.

See, Petitioners Initial Motion for Post-conviction Relief at its #6 and #12, As submitted in petitioners "Complete Submission" of petitioners Pro-se Appeals Brief, 02-P-829, As submitted in Petitioners Initiated Motion for Summary Judgment...

Note: Petitioner will explain "Complete Submission" in Petitioners Motion to Strike Respondents Answer...

8, Once this Honorable Court reviews Issue #6 and Issue #12 in petitioners initial motion for Post-Conviction relief it should be obvious that these Issues were before the Court, therefore the Issues are Exhausted,, The problem is, Is that there was no state court adjudication on the merits of these issues at all, no evidentiary process provided for the development of these issues even though petitioner was allowed an evidentiary hearing in (1995) and (2000).. Further More Respondent "Admits" Exhaustion. See 11(a)(1)-(6) of Respondents Answer as it relates to petitioners Writ of Habeas Corpus,— Petitioner through his pleadings has proven As a matter of Law petitioner has been denied Full and Fair Opportunity to litigate petitioners substantial 4th Amendment claims Under the — 14th Amendment to the Bill of Rights of the Constitution of the United States of America...

9, Petitioners motion for Reconsideration as submitted in petitioners Pro-Se Appeals Brief 02-P-829 as submitted in petitioners Initiated Motion for summary Judgment Cannot be construed by Respondent for "Non-Exhaustion" purposes — because petitioners motion for reconsideration was "Timely" submitted before the court for the required "Full Exhaustion of Available state Remedy." See Petitioners Pro-Se Brief 02-P-829 as submitted in petitioners — Initiated Motion for Summary Judgment

Point #9 - Cont →

Cont -

"at its Exhibit - 38
Defendants Demand for relief, Part One..."

10) Petitioners Motion for Reconsideration cannot be construed By Respondent as procedurally-defaulted, Because the state must choose between inconsistent defenses of — Non Exhaustion and Procedural Default and may not assert both defenses, See, Page 3 of Respondents Answer, "Defenses" (1) And (2) then See, Russell V Rolfo 893 F.2d 1033, 1038 (9th Cir 1990)...

11) Petitioners motion entitled "Traverse" as submitted in petitioners pro-se Appeals Brief 02-P-829, as submitted in petitioners Initiated Motion for Summary Judgment, cannot be construed by Respondent for Non-Exhaustion purposes, Because, Petitioners motion entitled Traverse certainly was "Timely" Submitted before the court for the required Full Exhaustion of available state remedy, See, Petitioners motion entitled "Traverse" at its page 13 "Relief Sought" (A)(B)("C" as submitted in petitioners Initiated Motion for Summary Judgment. Therefore the issues are exhausted... Respondent Cannot have Non-Exhaustion as a result of the Discrepancy In the Dates...

12.) Petitioners motion entitled Traverse cannot be construed as procedurally defaulted because the state must choose between inconsistent defenses of Non-Exhaustion and Procedural-Default and may not assert both defenses, "See Page 3 of Respondents Answer — Defenses" (1) and (2) Then See, Russell V. Rolfs 893 F.2d 1033, 1038 — (9th Cir 1990)

For the above stated reasons, petitioner respectfully submits his Opposition to Respondents' Answer...

Dated: June 28, 2004

Respectfully Submitted

*Jesse R. Quinerly*

Jesse R. Quinerly
NCCI Gardner
P.O. Box 466
Gardner Ma 01440