UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO: 03-12552-GAO

JESSE QUINERLY
Petitioner

V.

LUIS SPENCER
Respondent

**PETITIONER'S OPPOSITION TO THE RESPONDENT'S MOTION TO DISMISS**

**STATEMENT OF PRIOR PROCEEDINGS**

On March 14, 1991 a Suffolk County Grand Jury returned indictments charging Jesse Quinerly (Quinerly or the petitioner) with armed robbery, assault by means of a dangerous weapon, three counts of aggravated rape and kidnapping. On November 5, 1991 a Suffolk County Petit Jury returned verdicts of guilty on the indictments. On November 6, 1991 the petitioner was sentenced to concurrent terms of twenty (20) to thirty (30) years on the aggravated rape and armed robbery indictments. He was sentenced to a term of nine (9) to ten (10) years on the kidnapping indictment and a four (4) to five (5) year sentence on the assault with a dangerous weapon indictment. These sentences were ordered to run concurrently with the above-mentioned twenty (20) to thirty (30) year sentences. On November 6, 1991 Quinerly filed a timely notice of appeal.

On March 30, 1993 the petitioner filed a motion for post-conviction relief with the Suffolk Superior Court. The motion alleged that trial counsel was ineffective in failing to call the petitioner as a trial witness, in failing to file a motion to suppress evidence seized from the apartment where Quinerly was living at the time, in failing to adequately prepare for trial, in conducting an ineffective cross-examination of the complaining witness, in failing to file a

motion in limine to exclude any prior convictions, in failing to request funds for an investigator, in failing to call the doctor who examined the complaining witness, in failing to attempt to get correct telephone records and in providing insufficient argument at the closing argument and sentencing stages of the trial. At this time the petitioner obtained stay of his appeal.

On or about September 30, 1993 Quinerly's appellate counsel filed a request for an evidentiary hearing on the motion for post-conviction relief. Nevertheless, in April, 1994 the Appeals Court dissolved the stay and the petitioner's direct appeal proceeded. On direct appeal the petitioner raised the following issues: (1) whether the trial venue was improper and (2) whether trial counsel was ineffective in failing to investigate information provided to counsel by the petitioner and his girlfriend that the petitioner's apartment was searched prior to the time the police obtained a search warrant. On November 28, 1994 the Appeals Court affirmed Quinerly's convictions. On or about December 15, 1994 the petitioner filed an application for further appellate review with the Massachusetts Supreme Judicial Court (SJC), raising the same issues that were presented to the Appeals Court. The SJC denied further appellate review on January 23, 1995.

On December 5, 1995 the trial judge allowed the petitioner's motion for an evidentiary hearing on his motion for post-conviction relief. Nevertheless, the case languished in the Suffolk Superior Court until 2000. An evidentiary hearing was held before the trial judge on July 19 and September 22, 2000. On March 13, 2001 the trial judge issued a decision denying Quinerly's motion for a new trial. On April 10, 2001 the petitioner filed a timely notice of appeal. On June 22, 2001 Quinerly filed a motion for reconsideration of this denial, with said motion for reconsideration being denied on July 23, 2001. On August 8, 2001 the defendant filed a traverse, which was treated by the court as a motion for new trial. In this motion the petitioner asserted that he was arrested based on a teletype lacking in probable cause and essentially argued that any

evidence seized from the car he was driving as well as any evidence seized from his apartment (the search warrant for the apartment was based, in large part, on information the police learned after stopping the car the petitioner was driving) be suppressed. This motion was denied on August 16, 2001. The petitioner filed a timely notice of appeal from this denial.

On appeal the petitioner alleged that his trial and appellate attorneys were ineffective in failing to raise the teletype issue. On June 13, 2003 the Appeals Court issued an opinion affirming the denial of the motion for a new trial. On or about June 26, 2003 Quinerly filed an application for further appellate review with the SJC. This application was denied on September 5, 2003.

On January 31, 2005 Quinerly filed a state court petition for a writ of habeas corpus with the Supreme Judicial Court.[1] The petitioner, among other issues, asserted that the indictments and the mittimus committing him to prison were not properly authenticated. On February 7, 2005 the case was ordered transferred to the Worcester Superior Court. On April 12, 2005 the Department of Correction filed a motion to dismiss alleging that the issues raised in the habeas petition could have been, or were brought, in proceedings in his criminal case and that the petitioner was incorrect on the merits of his argument. On May 31, 2005 a judge of the Worcester Superior Court allowed the defendant Massachusetts Department of Correction's motion to dismiss and the matter was dismissed.

In December, 2003 Quinerly filed the instant petition for a writ of habeas corpus. The petitioner subsequently filed motions to expand the record seeking to add the issues he raised in his state court petition for a writ of habeas corpus. The respondent has now moved to dismiss the

---

[1] The petitioner intends to provide a copy of this habeas petition to the court, as well as other documents relevant to the petition, in a supplemental appendix he will provide to the court by Monday November 7, 2005.

petition, arguing that the petitioner did not exhaust his state court remedies on issues four through eight, that grounds one through three are in procedural default and that the petitioner is not entitled to relief on the merits. The petitioner is submitting this memorandum of law in opposition to the respondent's motion to dismiss.[2]

## ARGUMENT

### I. EXHAUSTION OF REMEDIES

The respondent contends that ground four through eight in the petition are not exhausted. All of these grounds for relief allege generally that the petitioner received "ineffective assistance of counsel in both the general assertion and the sum of all allegations. Additionally for failure to defend separate claims presented forthwith." The petitioner provided more specific grounds for each claim in his statement of facts accompanying the claim. Two of these grounds for relief essentially concerned the suppression issues Quinerly raised in the state court. In ground five Quinerly alleged that "counsel defied the petitioner's claim and desires to present witness, twice defied the petitioner's demands to move for an evidentiary hearing." In ground six he alleged that counsel "denied petitioner's demand for further process on the denial of the Court's rejection

---

[2] The petitioner contends that the respondent's motion to dismiss is an improper vehicle on which to decide this case. A number of district court have determined that a motion to dismiss should only be filed if the court specifically requests that one be filed. Sperow v. Walls, 182 F.Supp.2d 695, 698-700 (C.D.Ill. 2002); Ukawabutu v. Morton, 997 F.Supp. 605, 609 (D.N.J. 1998). See also cases cited in Ebert v. Clarke, 320 F.Supp.2d 902, 908 (D. Neb. 2004). Instead, after the respondent answers and files the state court record pursuant to Habeas Corpus Rule 5 no motion is deemed necessary as the court simply proceeds to rule on the petition. Ukawabutu, 997 F.Supp. at 608. But see Notes of Advisory Committee on 2004 Amendments. Inasmuch as this court has never requested the respondent to file a motion to dismiss the motion is not properly before the court and should be denied on this ground. Inasmuch as the respondent cites extensively to the trial transcripts in his memorandum in support of the motion to dismiss, and the petitioner contends that these transcripts are necessary to a proper disposition of the petition, he respectfully requests that the respondent be order to provide the transcripts to the court. See Habeas Corpus Rule 5(c).

of defense witness testimony."

The instant habeas petition was filed pro-se. While pro se litigants are not exempt from procedural rules, courts are solicitous of the obstacles they face. Consequently, courts hold pro se pleadings to a less demanding standard than those drafted by lawyers. Bowin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). See also Neverson v. Bissonnette, 242 F.Supp.2d 78, 84 (D.Mass. 2003)(because habeas petition and state application for leave to obtain further appellate review were filed pro se petitioner is entitled to some latitude in the interpretation of his claims and court will interpret pro se pleadings liberally to construe his claims). In light of this principle claims five and six should be viewed in the context of other claims brought in the petition. In ground one of the petition Quinerly alleges that he was denied his right to an exclusionary hearing due to an unlawful detention, premised upon a teletype that did not provide probable cause to stop the car he was driving. In essence, the claim is that the petitioner was stopped on the basis of a teletype that was lacking in probable cause and that any evidence seized from the car he was driving as well as the apartment he was living in should have been excluded from trial. Claim two of the instant petition asserts that the petitioner was denied the opportunity to contest evidence seized by a false document purporting to be a search warrant. Of course, none of this evidence was excluded at the petitioner's trial because no motion to suppress was ever filed. The petitioner contended in his direct appeal that trial counsel was ineffective in failing to file a motion to suppress on the basis now advanced in ground two of his habeas petition. He later claimed on his collateral appeal that trial counsel was ineffective in failing to file a motion to suppress on the basis now advanced in ground one of his habeas petition. The only manner in which an evidentiary hearing could be held on any search and seizure issue is for counsel to file a motion to suppress. See Mass.R.Crim.P. 13(d)(2)(A). Accordingly, when petitioner refers to counsel's failure to move for an evidentiary hearing and present witness (as claims five and six

essentially allege) these claims should be interpreted as referring to trial counsel's ineffectiveness in failing to file a motion to suppress on the above-mentioned issues and request an evidentiary hearing at which the petitioner's girlfriend would have testified. These claims were exhausted in the state courts. To construe the petition in this manner would be consistent with the consistent with the principle of construing pro se submissions liberally. To construe the petition in the manner that is apparently suggested by the respondent would be to ignore this principle and to hold the petitioner to the same standards expected of counsel.

The respondent also claims that if every claim in a petition for writ of habeas corpus has not been exhausted before the state court the entire petition must be dismissed. (Respondent's Memorandum in Support of the Motion to Dismiss at p.12). However, a habeas petitioner is to be given the option of amending his petition to delete un-exhausted claims. Rose v. Lundy, 455 U.S. 509, 520 (1982). Assuming arguendo, this court determines that some, but not all, of the petitioner's claims have been exhausted the petitioner respectfully requests that he be given the opportunity to amend his petition to delete the unexhausted claims.

## II. PROCEDURAL BAR

The respondent contends that grounds one through three of the instant petition, the ground pertaining to illegal search and seizure issues, were decided by the Massachusetts Appeals Court on a substantial risk of a miscarriage of justice standard. The respondent asserts that this means that these issues were decided on an independent and adequate state law ground and, accordingly, these claims are procedurally defaulted on habeas review. (Respondent's Memorandum at pp.17-18). However, ground two of the instant habeas petition, when read in conjunction grounds five and six, mirrors the issue the petitioner raised on direct appeal, namely that his trial counsel was ineffective in failing to file a motion to suppress based on the ground that the police searched the petitioner's apartment prior to obtaining a warrant. On direct appeal

the Appeals Court merely stated that "there is no merit to the argument that trial counsel was ineffective." The issue was not decided on substantial risk of a miscarriage of justice standard, or any other independent state law ground, and is, accordingly, properly before this court.

It is true that the Appeals Court reviewed the teletype argument made by the petitioner on his collateral appeal on a substantial risk of a miscarriage of justice standard. However, the petitioner argued this issue on appeal within the context of an ineffective assistance of counsel argument, e.g. that counsel was ineffective in failing to file a motion to suppress on the ground that the petitioner was stopped on the basis of a teletype lacking in probable cause. The SJC has previously determined that the federal standard used in deciding the seriousness of the harm caused by counsel's errors (the "Strickland" standard) differs little, if at all, from the standard of a substantial risk of a miscarriage of justice. Commonwealth v. Curtis, 417 Mass. 619, 625 n.8 (1994). In other words, there is no real difference between review under the substantial risk of a miscarriage of justice standard and that employed to determine whether an individual was prejudiced by the ineffective assistance of counsel. See Commonwealth v. Vieux, 41 Mass.App.Ct. 526, 535, 671 N.E.2d 989, 995 (1997). Inasmuch as the standard of review is the same in Massachusetts state court under the "substantial risk" standard and the ineffective assistance standard it can not be said that determining an ineffective assistance of counsel claim under a "substantial risk" standard constitutes a finding of waiver on the part of the state court such the habeas review is barred. In other words, when an ineffective assistance of counsel claim is decided on the basis of whether a substantial risk of a miscarriage of justice is created the ineffective assistance claim is decided on the merits. An individual alleging ineffective assistance of counsel in the Massachusetts can not get a standard of review any better than the substantial risk of a miscarriage of justice standard.

## III. THE MERITS

In Kimmelman v. Morrison, 477 U.S. 365, 383 (1986) the Supreme Court held that a habeas petitioner could bring an ineffective assistance of counsel claim founded primarily on incompetent representation with respect to the Fourth Amendment. In order to prevail on an ineffective assistance claim the petitioner must show both that counsel's representation fell measurably below an objective standard of reasonableness and that there exists a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). When the ineffectiveness concerns Fourth Amendment issues a petitioner must demonstrate that his Fourth Amendment claim is meritorious and that there is a reasonable probability that result of the proceeding would have been different absent the excludable evidence. Kimmelman, 477 U.S. at 375.

The first ineffective assistance of counsel issue concerns the search of the defendant's apartment. Shortly after a jury was impaneled Quinerly's trial counsel informed the court that the week before trial he received information from Quinerly and his girlfriend, Julianna Delaney (Delaney), indicating that a search of the apartment occurred prior to the time the police obtained a search warrant (Tr. II/60-61).[3] However, when counsel received this information he informed Delaney that she had a potential Fifth Amendment issue because inasmuch as she was a resident of the apartment that was searched by the police she could be charged with receiving stolen property (Tr. II/62). Later during the trial counsel for the petitioner informed the court that the

---

[3] Assuming arguendo, that trial counsel only received this information one week before trial he put the petitioner in a difficult position by waiting until after a jury was selected before bringing this issue to the attention of the trial judge. In effect, trial counsel virtually ensured that the petitioner would not have the opportunity to file a motion to suppress because the trial judge was unlikely to put a hold on the trial to deal with this issue after the jury was selected.

attorney appointed to Delaney was going to advise her to exercise her Fifth Amendment rights (Tr. III/110). However, this attorney had to go to the doctor's appointment before the witness arrived at court (Tr. III/110). No hearing was ever held in which Delaney invoked her Fifth Amendment rights.[4]

In effect, the police conducted a warrantless search of the defendant's apartment. Physical entry into the home is the chief evil against which the wording of the Fourth Amendment is directed. Payton v. New York, 445 U.S. 573, 585 (1980). It is a basic principle of the Fourth Amendment that searches and seizures inside a home without a warrant are presumptively unreasonable. Id., at 586. A warrantless entry into a home is only permitted upon a showing of probable cause and exigent circumstances. See Id., at 590. Based on the facts of the instant case the police clearly did not have exigent circumstances to enter the petitioner's apartment without a warrant. Accordingly, the petitioner had a meritorious Fourth Amendment claim had a trial court judge found that the police searched his apartment prior to obtaining a warrant. See Kimmelman, 475 U.S. at 375.

Moreover, counsel's reasons for not filing a motion to suppress are not persuasive.

There is a reasonable probability that the result of the proceedings would have been different had items seized from the petitioner's apartment been suppressed. As was noted in the petitioner's brief on direct appeal the police seized items from his apartment and from the person of his girlfriend which belonged to the victim and were taken from her automobile on the night of

---

[4] As the petitioner's appellate counsel noted trial counsel was not without a remedy had Delaney refused to sign the affidavit. Trial counsel could himself have submitted an affidavit detailing his conversation with Delaney with a motion for suppress and then asked the court for a hearing. (Petitioner's Direct Appeal Brief at pp.24-25). As appellate counsel noted the SJC has held that "in some circumstances, insistence on strict requirements to deprive a defendant of a fair hearing of a motion raising a constitutional claim may be an abuse of discretion." Commonwealth v. Santiago, 30 Mass.App.Ct. 207, 212 (1991).

the incident. The evidence was introduced to show a connection between the petitioner and the victim and provided evidence that the petitioner had been in the victim's car and taken the seized items to his apartment (Petitioner's direct appeal brief at p.18). Prior to trial petitioner's trial counsel intended to put the Commonwealth to its proof concerning the issue of identification. (Petitioner's direct appeal brief at p.23). This was not surprising as the victim was unable to identify the petitioner during two separate photo arrays. (Petitioner's direct appeal brief at p. 23, citing Tr. II/127-128, Tr. III/84-90, Tr. 10/31/91/5-6). Inasmuch as no attempt was made to exclude this evidence the petitioner was forced to resort to a weaker defense of consent. Had the evidence seized from the petitioner's apartment been suppressed the petitioner would have had a viable identification defense, a defense that would have been bolstered by the fact that the victim on two occasions was unable to identify him in a photo array. There is clearly a reasonable probability that the outcome of the trial would have been different had the evidence seized from the apartment been excluded and the petitioner had been able to rely on an identification defense.

The respondent contends that this court's review is governed by 28 U.S.C. §2254(d)(1). This statute provides two possible ways to habeas relief. A federal court may ask whether there was established Supreme Court precedent and grant relief if it determines that the state court's decision contravened that precedent. Sanna v. DiPaolo, 265 F.3d 1, 6-7 (1st Cir. 2001). If there is no Supreme Court precedent on point or if there is one and the state court correctly characterized it, the federal court may grant the writ based upon a determination that the state tribunal applied the Supreme Court precedent in an unreasonable manner. Id., at 7. However, when the state court failed to decide the federal issue de novo review applies. Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001).

In the instant case the Massachusetts Appeals Court merely stated "there is no merit to the argument that trial counsel was ineffective." Although the issue was squarely put before the

Appeals Court it failed to address, in any substantive manner, Quinerly's claim that his Sixth Amendment rights had been violated. Accordingly, this issue should be reviewed de novo by the court.

The decision of the Appeals Court provides no way for this court to determine if it applied Supreme Court precedent in an unreasonable manner for the Appeals Court did not apply any Supreme Court precedent, or any other precedent, to this issue. Perhaps the "contrary to" standard can be applied to this case. Inasmuch as the Appeals Court gave no reasons for its determination that the petitioner's ineffective assistance of counsel claim lacked merit there is no way to determine what they based their decision on and, accordingly, there is no way what Supreme Court precedent that the Appeals Court might have contravened. Accordingly, de novo review is the only standard of review that can be applied to this claim.

The petitioner respectfully requests that he be granted an evidentiary hearing on this issue. He originally included this issue in his 1993 motion for post-conviction relief. Quinerly obtained a stay of his appeal which he attempted to get an evidentiary hearing on this motion. The Appeals Court eventually dissolved the stay and decided the issue on direct appeal. It was not until after the direct appeal was complete that the trial judge decided to hold an evidentiary hearing. By this time Quinerly was effectively prevented from offering evidence on this issue because it had already been decided by the Appeals Court. See Fogarty v. Commonwealth, 406 Mass. 103, 107, 546 N.E.2d 354 (1989). Inasmuch as the petitioner has never been provided a full and fair opportunity to present facts necessary to the proper determination of this issue he respectfully requests that this Court hold such an evidentiary hearing. See Brownlee v. Haley, 306 F.3d 1043, 1067 n.19 (11th Cir. 2002)(holding that because state court findings of fact are entitled to a presumption of correctness a federal court should conduct a hearing on the factual questions only if the state did not conduct a full, fair and adequate hearing).

The second ineffective assistance of counsel issue involving the Fourth Amendment concerns the teletype issue. The car the petitioner was driving was stopped on the basis of the information included in the teletype. After the car was stopped the police arrested the petitioner for driving what they believed to be a stolen car. A number of items were found in the car that were used at trial to connect the petitioner to the victim. In essence, the petitioner argued before the state courts on post-conviction review that the teletype did not provide probable cause to stop him and that any evidence seized as a result of the ensuing stop and arrest would have been suppressed had counsel been effective and filed a suppression motion.[5]

The Appeals Court rejected the petitioner's contention, holding that he was arrested for larceny of a motor vehicle, not because he matched the description of the suspect in the teletype. The petitioner was stopped by Boston Police Officer James Fee (Fee) (Tr. 10/31/91 at p.34). Fee stopped the petitioner based on a teletype that indicated that a 1991 red Pontiac Bonneville bearing Massachusetts Registration had been stolen (Tr. 10/31/91 at p.31). The petitioner was found to be driving the vehicle (Tr. 10/31/91 at p.34). After the petitioner was arrested on a stolen motor vehicle charge Asian money was removed from his wallet as well a telephone diary (Tr. 10/31/91 at p.35).

The controlling Supreme Court case on this issue is Whitely v. Warden, 401 U.S. 560 (1971). When a police officer relies on the strength of a radio bulletin or teletype the officer who issued the teletype must have probable cause. Id., at 568. The Appeals Court never made a

---

[5] Moreover, information obtained during this stop was used in the affidavit used to search the defendant's apartment. If a court had determined that the stop of the car and the subsequent search was unlawful it would have been required to redact this information from the search warrant and then make a determination as to whether the search warrant affidavit provided probable cause to search the apartment, absent the information.

determination as to whether the officer who issued the underlying bulletin had probable cause to assert that the vehicle was stolen. Accordingly, their decision contravened Supreme Court precedent on this issue.

There is a reasonable probability that the result of the proceedings would have been different had the stop of the motor vehicle been ruled unlawful and evidence seized as a result of the stop suppressed.[6] Much like the evidence seized from the apartment evidence seized as a result of the motor vehicle stop provided a link between the victim and the petitioner. Such evidence prevented him from relying on an identification defense, which would have been viable inasmuch as the victim was twice unable to identify the petitioner, and was forced to rely on a weaker consent defense. Had trial counsel been able to have the items seized from the

## IV. ISSUES RAISED IN THE STATE COURT HABEAS CORPUS PETITION

The petitioner asserts that the indictments issued against him are invalid because they were not properly certified. He also contends that the mittimus committing him to prison is invalid because it was not duly certified and lacked the signature of the trial judge. See G.L. c. 279 §34. The petitioner asserts that inasmuch as the indictments were defective and the respondent never obtained a properly certified copy of his mittimus that he is being detained by the respondent without due process of law.[7]

FOR THE FOREGOING REASONS, the petitioner respectfully requests that the

---

[6] When making this determination the court should also consider the fact that the police would not have had probable cause to search the petitioner's apartment absent the evidence seized as a result of the motor vehicle stop and had the motor vehicle stop been ruled unlawful any evidence seized from the apartment would have been considered a fruit of the poisonous tree.

[7] These were the issues raised in the petitioner's state court habeas corpus petition. The petitioner plans to file a supplemental appendix with this court containing relevant papers from the state court habeas proceeding no later than November 8, 2005.

respondent's motion to dismiss be denied and this his petition for a writ of habeas corpus be granted. The petitioner further respectfully requests that he be granted an evidentiary hearing on the instant petition.

Respectfully submitted:
Jesse Quinerly
By His Attorney
Matthew S. Robinowitz
Matthew S. Robinowitz
35 Harvard Street
Worcester, MA 01609
(508) 752-0485
BBO#: 600287

Dated: 10/28/05

CERTIFICATE OF SERVICE

I, MATTHEW S. ROBINOWITZ, hereby certify that I served a copy of the within opposition, by mail, on the attorney of record for the respondent: Annette C. Benedetto, Massachusetts Attorney General's Office, One Ashburton Place, Boston, MA 02108.

Dated: 10/28/05

Matthew S. Robinowitz
Matthew S. Robinowitz