UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO: 03-12552-GAO

_____

JESSE QUINERLY
Petitioner

V.

LUIS SPENCER
Respondent
_____

### PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now comes the petitioner, Jesse Quinerly, and submits the following objections to the magistrate judge's report and recommendation, recommending that the respondent's motion to dismiss be allowed.

1. The petitioner contends that a motion to dismiss was an improper vehicle upon which the decide this habeas corpus petition. See e.g. Ukawabutu v. Morton, 997 F.Supp. 605, 609 (D. N.J. 1998) and other cases cited at page four, footnote two of the petitioner's opposition to the respondent's motion to dismiss.  The petitioner further contends that 28 U.S.C. §636(b)(1)(A) divested the magistrate judge of jurisdiction to hear and decide a motion to dismiss.  Moreover, in his Memorandum of Law in Support of the Motion to Dismiss the respondent offered to submit a copy of the trial transcripts, is so requested by the court. (Respondent's Memorandum of Law at p.6, n.2).  The magistrate never requested a copy of the trial transcripts.  Accordingly, the petitioner asserts that the magistrate made her decision upon an incomplete record.

2. On February 28, 1991 Boston Police stopped a car that the petitioner was driving. After stopping the car the officers arrested Quinerly.  At booking Quinerly was found to be in possession of the alleged victim's telephone diary and some Malaysian notes.  The alleged victim

identified these items as ones that were taken from her during the incident of February 22, 1991 (Report and Recommendation at p.4). At trial these items were used to link the petitioner to the assault of February 22, 1991. Subsequent to his arrest, the petitioner, while denying involvement in the assault, made statements that assisted the Commonwealth in linking him to the February 22, 1991 incident (Report and Recommendation at p.4). In the instant habeas petition the petitioner asserted that the February 28, 1991 motor vehicle stop was based on a teletype lacking in probable cause and that trial counsel was ineffective in failing to file a motion to suppress evidence and statements seized as a result of this stop. The magistrate judge found that Grounds One and Five of the habeas petition, which alleged that trial counsel was ineffective in failing to file a motion to suppress relative to the February 28, 1991 motor vehicle stop, were procedurally defaulted because the Appeals Court found these claims to be waived and reviewed the claims only under a substantial risk of a miscarriage of justice standard. (Report and Recommendation at p. 21).

    3. The petitioner objects to the magistrate judge's ruling that his challenge to the stop of the motor vehicle (the teletype claim) was procedurally defaulted. (Report and Recommendation at p.21). In his state court appeal the petitioner presented this suppression argument in the context of whether trial counsel was ineffective in failing to file a motion to suppress the fruits of the February 28, 1991 motor vehicle stop and subsequent arrest. The Massachusetts Supreme Judicial Court has previously determined that the federal standard used in deciding the seriousness of the harm caused by counsel's errors (the "Strickland" standard) differs little, if at all, from the substantial risk of a miscarriage of justice standard. Commonwealth v. Curtis, 417 Mass. 619, 625 n.8 (1994). Inasmuch as the standard of review is the same in Massachusetts state court under the "substantial risk" standard and the ineffective assistance standard it can not be said that

determining an ineffective assistance of counsel claim under a "substantial risk" standard constitutes a finding of waiver on the part of the state court such the habeas review is barred. In other words, when an ineffective assistance of counsel claim is decided on the basis of whether a substantial risk of a miscarriage of justice is created the ineffective assistance claim is decided on the merits. An individual alleging ineffective assistance of counsel in the Massachusetts can not get a standard of review any better than the substantial risk of a miscarriage of justice standard. Accordingly, when an ineffective assistance of counsel claim is reviewed under the substantial risk of a miscarriage of justice standard this should be deemed to be a decision on the merits of the issue and no procedural default should be found. (Respondent's Opposition to the Motion to Dismiss at p.7). Accordingly, the magistrate judge erred in finding Quinerly's teletype claim to be in procedural default. Assuming arguendo, that the magistrate judge did not err in her finding of procedural default the petitioner contends that failure to consider this claim will result in a fundamental miscarriage of justice.

    4. The petitioner objects to the magistrate judge's ruling that because Quinerly cannot establish that a motion to suppress the motor vehicle stop on the basis of the teletype was meritorious he is unable to establish that trial counsel was ineffective in failing to file a motion to suppress (Report and Recommendation at p.12)[1]. The magistrate judge largely followed the reasoning of the Massachusetts Appeals Court, which held that inasmuch as Quinerly was arrested for larceny of a motor vehicle, whether or not there was probable cause for issuance of the teletype was irrelevant. The petitioner was stopped by Boston Police Officer James Fee (Fee) (Tr. 10/31/91 at p.34). Fee stopped the petitioner based on a teletype that indicated that a 1991

---

[1] The petitioner also asserts that the magistrate judge erred in considering these issues under a cause and prejudice standard, rather than on the merits.

red Pontiac Bonneville bearing Massachusetts Registration 459TIM had been stolen (Tr. 10/31/91 at p.31). The petitioner was found to be driving the vehicle (Tr. 10/31/91 at p.34). After the petitioner was arrested on a stolen motor vehicle charge Asian money was removed from his wallet as well a telephone diary (Tr. 10/31/91 at p.35).

    5. The controlling Supreme Court case on this issue is <u>Whitely v. Warden</u>, 401 U.S. 560 (1971). When a police officer relies on the strength of a radio bulletin or teletype the officer who issued the teletype must have probable cause. <u>Id.</u>, at 568. The Appeals Court never made a determination as to whether the officer who issued the underlying bulletin had probable cause to assert that the vehicle was stolen. Accordingly, their decision contravened Supreme Court precedent on this issue and the magistrate judge erred in essentially following the reasoning of the Appeals Court.

    6. The petitioner objects to the magistrate judge's ruling that he is unable to establish that the result of the proceeding would have been different if the evidence seized as a result of the February 28, 1991 motor vehicle stop was suppressed (Report and Recommendation at p.25). The magistrate judge essentially agreed with the Commonwealth's position that Quinerly's identity as the assailant was solidly established by his statement that he had totaled his Chevrolet the previous night (the assailant apparently told the alleged victim that he was taking her car because his Chevrolet had been in an accident) as well as his use of her cell phone to call a friend (Report and Recommendation at p.25). Had the evidence seized from the car been suppressed the remaining evidence would have been a slender reed upon which the Commonwealth would have been required to rely for a conviction. The victim was unable to identify Quinerly from two separate photo arrays (Petitioner's direct appeal brief at p.23, citing Tr. II/127-128, Tr. III/84-90, Tr. 10/31/91 5-6). The most powerful evidence against the petitioner was the fact that he had

been found in possession of items stolen from the victim and that additional items stolen from the victim were found in his home. (The issue of whether the items seized from the petitioner's apartment should have been suppressed is addressed below)[2]. Due in large part to this evidence Quinerly was forced to abandon an identification defense and resort to a weaker defense of consent. Had the Commonwealth been forced to rely primarily on the evidence regarding the Chevrolet being in an accident (there are probably thousands of Chevrolets registered in the Boston area) as well as the fact that calls were made to the petitioner's friend on the victim's cell phone to prove identification their case would have been much weaker. Accordingly, there is a reasonable probability that the outcome of the trial would have been different had the evidence seized as a result of the motor vehicle stop and from the petitioner's apartment been excluded. (Petitioner's Opposition to Respondent's Motion to Dismiss at p.10).

7. The petitioner objects to the magistrate judge's ruling that trial counsel was not ineffective in failing to move to suppress evidence that was seized from his apartment on the grounds that the search preceded the warrant (Report and Recommendation at pp.26-27).[3] The magistrate judge concluded that the Appeals Court decision, on the petitioner's direct appeal, summarily dismissing these claims was not contrary to, or an unreasonable application of, well established Federal law (Report and Recommendation at p.27). The Appeals Court simply stated "there is no merit to the argument that trial counsel was ineffective." While the issue was squarely put before the Massachusetts Appeals Court they failed to address the issue in any

---

[2] The affidavit in support of the search warrant used to search the petitioner's residence was based, in large part, upon evidence the police seized as a result of the motor vehicle stop. Accordingly, any evidence seized from the petitioner's home was fruit of the illegal stop of the car.
[3] The magistrate judge concluded that the merits of this claim was properly before a federal court (Report and Recommendation at p.26).

substantive manner.  Accordingly, a federal court should review this issue de novo.  See Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001).  Viewed in another light, the brevity of the Appeals Court's ruling on this issue makes it impossible for a federal court to determine if it even applied Supreme Court precedent, much less whether it did so in a manner that was contrary to, or an unreasonable application of, well-established federal law.

7. The petitioner objects to the magistrate judge's determination that there was no factual basis for a motion to suppress.  While trial counsel contended that Juliana Delaney (Delaney) refused to sign an affidavit counsel made no effort to submit an affidavit detailing his conversation with Delaney and asking for a hearing on the issue[4].  The Massachusetts Appeals Court has held that "in some circumstances, insistence on strict requirements to deprive a defendant of a fair hearing of a motion raising a constitutional claim may be an abuse of discretion."  Commonwealth v. Santiago, 30 Mass.App.Ct. 207, 212 (1991).

8. The petitioner further objects to the magistrate judge's ruling that an affidavit later signed by Delaney does not support the contention that the search preceded the warrant (Report and Recommendation at p.28).  In her affidavit Delaney asserted that when police officer told her that they had a search warrant to search the apartment she asked how they got it so quickly.  The police officer replied that they obtained the search warrant from an emergency judge.  Delaney further stated that she did not see any date or time on the search warrant.  Accordingly, an evidentiary hearing should be held to determine whether or not the document shown to Delaney

---

[4] In an affidavit signed by Delaney (and considered by the judge in the instant petition) she contended that she was barred from entering the courtroom by a court officer and that the attorney appointed to represent her told her that her testimony would not help the petitioner.  She never contended that she exercised her Fifth Amendment rights and the trial judge never put her on the stand to make a determination as to whether or not she was going to exercise any Fifth Amendment rights.

was an authentic search warrant.

9. The petitioner further objects to the magistrate judge's determination that there is not a reasonable probability that the verdict would have been different had the evidence seized from the apartment been suppressed.  (Report and Recommendation at p.28).  The evidence seized from the petitioner's apartment, along with the evidence seized from the petitioner as a result of the motor vehicle stop, did much to further the Commonwealth's case against him and essentially forced him to rely on a weaker defense of consent.  The reasons why the seizure of the evidence was prejudicial are outlined in paragraph five of these objections and at pages ten and thirteen of the petitioner's opposition to the respondent's motion to dismiss.

10.  The petitioner objects to the fact that the magistrate judge never considered the issue raised at page 13 of his memorandum of law in opposition to the motion to dismiss.  The petitioner also objects to the denial of his motion for immediate release (paper number 23 on the docket sheet) without a hearing.

|  |  |
|---|---|
| Dated: 2/24/2006 | Respectfully submitted:<br>Jesse Quinerly<br>By His  Attorney<br><br>/s/ Matthew S. Robinowitz<br>Matthew S. Robinowitz<br>35 Harvard Street<br>Worcester, MA 01609<br>(508) 752-0485<br>BBO#: 600287 |

CERTIFICATE OF SERVICE

I, MATTHEW S. ROBINOWITZ, hereby certify that I served a copy of the within objections electronically, on the attorney of record for the respondent: Annette C. Benedetto, Massachusetts Attorney General's Office, One Ashburton Place, Boston, MA 02108.

Dated: 2/24/2006                                         <u>/s/ Matthew S. Robinowitz</u>
                                                         Matthew S. Robinowitz