UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSE R. QUINERLY
   Petitioner

               HABEAS ACTION
               03-12552-GAO

V.

STEVEN O'BRIEN
   Respondent

Feb 28, 2006

## SUPPLEMENTAL OBJECTION TO THE U.S. MAGISTRATE'S REPORT AND RECOMMENDATION.

(A) Petitioner Object's and Reserves De Novo Review Pursuant to 28 U.S.C. §636(b)(1)(A).,The U.S. Magistrate has NO JURISDICTION to "Hear and Determine" for Report and Recommendation, Respondent's **12(b)(6) Motion for Failure to State a Claim for Relief.** At the least petitioner's Habeas Corpus Petition is required a hearing on the merit's before the U.S District Judge and should not be subjected to summary disposition by the U.S. Magistrate... See **28 U.S.C. §2243.**

(B) Petitioner Object's and Reserves De Novo Review Pursuant to 28 U.S.C. §636(b)(1)(A).,That the U.S. Magistrate has NO JURISDICTION to "INVOLUNTARILY-DISMISS" **Petitioner's Motion for Immediate Release From False Imprisonment,** Then subsequently treat Petitioner's Motion for Immediate Release From False Imprisonment as a **Non Dispositive MATTER WITHOUT THE 10 DAY OBJECTION NOTICE.**
Seee the U.S. Magistrate's Order issued Nov 7, 2005. Petitioner's Motion For Immediate Release From False Imprisonment is indeed Dispositive based on the-Dispositive Issue as to whether the INDICTMENT'S and MITTIMUSES are entitled to FULL FAITH AND CREDIT, Such dispositive matter required disposition by the U.S District Judge and Precluded Disposition by the U.S. Magistrate.

(C) Petitioner Object's and Reserves De Novo Review
There was no determination by the U.S. Magistrate as to whether petitioner has been DENIED FULL AND FAIR OPPORTUNITY TO LITIGATE THROUGH A SUPPRESSION HEARING.
See Petitioner's SUPPLEMENTAL APPENDIX AT IT'S NO.7
See <u>Attached Reply Brief 02-P-829</u> at it's pages 15, 16, 17.

(D) Petitioner Object's and Reserves De Novo Review
Contrary to the U.S. Magistate's Report and Recommendation at it's **page 26**, Stating **(Quinerly does not claim that he is <u>Actually Innocent</u>)**.,Petitioner did assert claim that petitioner is in fact Actually Innocent...See Petitioner's Habeas Corpus Petition at it's page 6 I.D. at 13.
A MISCARRIAGE OF JUSTICE IS A DETERMINATION UNDER STATE LAW, see Gibson, 693 F.2d at 17. AND DOES NOT ANSWER THE HABEAS QUESTION UNDER FEDERAL LAW OF WHETHER THERE IS ACTUAL INNOCENCE...
SIMPSON V. MATESANZ 175 F.3d 200 I.d. at 210.
A Reasonable jury could not convict beyond a resonable doubt but for the Constitutional Violations, Because THE LINKING EVIDENCE DOES NOT SUPPORT PETITIONER'S CONVICTION BEYOND A REASONABLE DOUBT.

(E) Petitioner Object's and Reserves De Novo Review
There was no determination by the U.S. Magistrate if Petitioner is entitled to a Hearing on the Merit's of Petitioner's Petition.


Feb 28, 2006                           Respectfully Submitted


                                       *Jesse R. Quinerly*
                                       JESSE R. QUINERLY-W51434