UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSE R. QUINERLY )<br>   Petitioner    )<br>)<br>)<br>)<br>V.          )<br>)<br>)<br>)<br>STEVEN O'BRIEN  )<br>  Respondent     ) | HABEAS ACTION<br>#03-12552-GAO<br><br><br><br><br>May 15 2006 |

### PETITIONER'S SUPPLEMENTAL MEMORANDUM OF FACTS AND LAW IN SUPPORT OF HIS PENDING MOTION FOR IMMEDIATE RELEASE FROM FALSE IMPRISONMENT.

Now comes the petitioner pro-se and moves this honorable court to <u>immediately release petitioner</u> from all confinement on the date of the scheduled hearing May 25, 2006 at 2:30 pm courtroom #9, Petitioner submits upon the finding of facts the court has no discretion but to grant this request, Pursuant to the evidence and pleadings presently before the court, and pursuant to the following facts Federal Habeas Corpus Rules and additional established law which is as follows.

Petitioner relies on Rules-Section 2254 Cases Habeas Rule 11 and **Fed.R.Civ.P.(7)(b)(1)** For the filing of this motion..

Petitioner avers that the "Record of Conviction" submitted by respondent is barred admission into this Habeas Corpus proceeding,(See Respondents Supplemental Answer Docket #13)

See **<u>Title 28 U.S.C §2254(g)</u> <u>Title 28 U.S.C. §2249</u>** and Title 28 U.S.C. §1738.

Also see **Maroon v. Immigration & Naturalization Service 364 F.2d.982** I.d. at 984,985.

It is obvious that the "Record of Conviction" particularly THE <u>INDICTMENTS</u> and <u>MITTIMUSES</u> DO NOT MEET THE REQUIREMENTS OF THE ABOVE MENTIONED UNITED STATES CODE STATUTES.

Petitioner also asserts that the Record of Conviction does not meet the requirement of **"Self Authentication"**, See Fed. Rule of Evid. 902(4), See **Carballo-Rodriguez v. Clark Equip Co., Inc. 147 F.Supp 2d 66 I.d. at 74.**

This is due to the fact that the Record of Conviction particularly the INDICTMENTS and MITTIMUSES issued in this matter are void on there face of original process of authentication consistant with the General Laws of the Commonwealth, See, Mass.Const.Pt II.Ch.6.Art 5.M.G.L.Ch.212 §26.,M.G.L.Ch.4 §§ 9A 9B. Et Al.

See Notes of Advisory Committee on Fed.Rule of Evid.902(4) Paragraph(4).

Petitioner further asserts that **Hearsay Testimony** in support of authentication by a Declarant or Clerk of Suffolk Superior Court **purported** to be produced by respondent would be-**Immaterial** and certainly would indicate a lack of Trustworthiness, where the Indictments are void on there face without the original process of authentication, and where such Declarant or Clerk of Superior Court **purported** to be produced by respondent did not render original process of authentication on Indictment or any factual findings from an investigation from a Grand Jury resulting in return true bill Indictments.

The one person that should be allowed to offer **Hearsay Testimony** before this court on May 25 2006 in support of authentication is the person who "stamped" the **facsimile signature of Daniel F. Pokaski on the Indictments after Conclusion of the Grand Jury proceedings.**
See Fed.Rule of Evid. 803(8)(C).,See Baron v. Hickey 242 F.Supp 2d 66 I.d. at 75, Also See Blake v. Pellegrino 329 F.3d 43 I.d. at 48...

It is clear through petitioner's pleadings that the respondent cannot meet there burden in showing lawful cause for petitioner's detention.,And that **Petitioner's Conviction Was Purposely Obtained Pursuant To Constitutionally Void Process**...

In conclusion petitioner submits that the Commonwealth has not and absolutely cannot, Provide this court with a shred of evidence which in any form or manner discredits any of petitioner's claims of Unlawful and Unconstitutional Confinement and Therefore petitioner pray's this honorable Court releases petitioner from all confinement forthwith as law and justice require...

Respectfully Submitted

Jesse R. Quinerly
JESSE R. QUINERLY-W51434

CERTIFICATE OF SERVICE

I JESSE R. QUINERLY HEREBY CEERTIFY, THAT TRUE COPIES WERE MAILED BY PREPAID !st CLASS U.S. MAIL, CERTIFIED RETURN RECEIPT.

THIS DATE: _May 15, 2006_

MOTION CAPTIONED AS:

PETITIONER'S SUPPLEMENTAL MEMORANDUM
OF FACTS AND LAW IN SUPPORT OF HIS PENDING MOTION
<u>FOR IMMEDIATE RELEASE FROM FALSE IMPRISONMENT.</u>

CC FILE:
U.S. DISTRICT COURT
COUNSEL FOR RESPONDENT ANNETTE BENEDETTO .
COUNSEL FOR PETITIONER RAYMOND E. GILLESPIE

HABEAS ACTION
#03-12552-GAO

_Jesse R. Quinerly_
JESSE R. QUINERLY-W51434