## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JESSE R. QUINERLY ) | 2006 MAY 22  P 2: 44 | HABEAS ACTION |
| Petitioner ) | | #03-12552-GAO |
| ) | U.S. DISTRICT COURT | |
| ) | DISTRICT OF MASS. | |
| V. ) | | |
| ) | | |
| ) | | |
| ) | | |
| STEVEN O"BRIEN ) | | May 19, 2006 |
| Respondent ) | | |

**PETITIONER'S MOTION TO PROCEED PRO-SE AND REMOVE
APPOINTED COUNSEL,SO PETITIONER MAY APPEAR BEFORE THE
COURT MAY 25, 2006 AT 2:30 pm COURTROOM #9,AND ARGUE IN
SUPPORT OF PETITIONER'S PLEADINGS SUBMITTED BEFORE THE
COURT FOR IMMEDIATE RELEASE FROM FALSE IMPRISONMENT...**

WITH ATTACHED MEMORANDUM
OF LAW

Petitioner states the following,

Petitioner has argued in opposition to respondents motion to

dismiss (See Docket 37) Petitioner's Opposition to Respondents

Motion to Dismiss **I.d. at Page 4 Footnote 2**, Then See

**Ukawabutu v. Morton, 997,F.Supp. 605,609.**also see.

**CONLEY V. GIBSON 355 U.S. 41 I.d. at 45 (HOLDING) THAT A
COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A
CLAIM UNLESS IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN
PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM THAT WOULD
ENTITLE HIM TO RELIEF.(Fed.Civ.P.12(b)(6).**

Petitioner has objected to the Magistrates Report and

Recommendation (See Docket 45) Petitioner's Objection to

the Magistrates Report and Recommendation **I.d. at Page 1**

and (See Docket 48) Petitioner's Supplemental Objection
to the Magistrates Report and Recommendation See,
**OBJECTIONS (A) and (B).**

This HABEAS CORPUS proceeding cannot and should not be in
De-Facto converted into a argument on **Respondents Motion to
Dismiss or The Magistrates Report and Recommendation,**
This pending HABEAS CORPUS HEARING should be held to determine
if the petitioner has met his burden in proving entitlement
to relief.

Petitioner through all pleadings submitted before this.
honorable court has proven entitlement to Immediate Release
From False Imprisonment by proof through a **Preponderance of
the Evidence and Pleadings,** Therefore, **COUNSEL APPOINTED TO
REPRESENT PETITIONER SHOULD NOT BE ALLOWED TO ARGUE OUTSIDE
THE BOUNDARIES OF PETITIONER'S PLEADINGS.,**

IN CONCLUSION, where specific allegations before the court
show reason to believe that the petitioner may, if the facts
are fully developed, be able to demonstrate that he is
confined illegally and is therefore, entitled to relief it
is the duty of the court to dispose of the matter as law
and justice require **See Title 28 U.S.C. §2243.**

May 19, 2006                          Respectfully Submitted

                                   JESSE R. QUINERLY-W51434

## U. S. SUPREME COURT REPORTS

### CONLEY v GIBSON
355 US 41, 2 L ed 2d 80, 78 S Ct 99

**Pleading § 103 — dismissal — failure to state cause of action.**

4. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

[2 L ed 2d]—6

[355 US 45] the complaint adequately set forth a claim upon which relief could be granted. In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plain- *[355 US 46] tiff can prove no set of facts *in support of his claim which would entitle him to relief.[5]

**Pleading § 130 — complaint — sufficiency.**

10. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim but require only a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

**Headnote 9**
**Headnote 10**
The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim"[8] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and *[355 US 48] the other pretrial procedures *established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.[9]

we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is **Headnote 11** a game of skill in which one misstep by counsel may be decisive to the outcome and accept

the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v Grasselli Chemical Co. 303 US 197, 82 L ed 745, 58 S Ct 507.

The judgment is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

It is so ordered.

## MACHIBRODA v. UNITED STATES
### 368 US 487, 7 L ed 2d 473, 82 S Ct 510

"Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard." Walker v Johnston, 312 US 275, at 287, 85 L ed 830, 836, 61 S Ct 574.

But the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible. If the allegations are true, the petitioner is clearly entitled to relief. Accordingly, we think the function of 28 USC § 2254 can be served in this case only by affording the hearing which its provisions require.

Vacated and remanded.

JURISDICTION (Continued)

22 L Ed 2d

## U. S. SUPREME COURT REPORTS

### HARRIS v NELSON

394 US 286, 22 L Ed 2d 281, 89 S Ct 1082

290      Congress has provided that once a petition for a writ of habeas corpus is filed, unless

[394 US 299]

the court is of the opinion that the petitioner is not entitled to an order to show cause, the writ must be awarded "forthwith," or an order to show cause must be issued. 28 USC § 2243.

Where their duties require it, this is the inescapable obligation of the courts.

291      But where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, entitled to relief, it is the duty of the court to

"dispose of the matter as law and justice require,"

## MASSACHUSETTS GENERAL LAW

## § 70. Judicial Notice of Laws of Other Jurisdictions.

The courts shall take judicial notice of the law of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material.

6

UNITED STATES v. CABACCANG
332 F.3d 622(2003)

PAGE625

"[2] WE INTERPRET A FEDERAL STATUTE BY
ASCERTAINING THE INTENT OF CONGRESS AND
BY GIVING EFFECT TO ITS  LEGISLATIVE WILL."
"   THE STARTING POINT OF THIS INQUIRY
IS THE [L]ANGUAGE OF THE [STATUTE] ITSELF."

PAGE 638

"OUR JOB AS [JUDGES] IS TO APPLY LAWS
ADOPTED BY THE POLITICAL BRANCHES OF GOVERN-
MENT, AS THE SUPREME COURT HAS TOLD US
TIME AND AGAIN, WHERE THE STATUTORY TEST
IS CLEAR AND SPEAKS TO THE ISSUE BEFORE US,
WE MUST [F]AITHFULLY ENFORCE IT. . ."
(emphasis added)

✳ "HUD v. RUCKER,535 U.S.125, 130-131,152
L.Ed.2d 258 (200)"

CERTIFICATE OF SERVICE

I JESSE R. QUINERLY HEREBY CERTIFY, THAT TRUE COPIES WERE
MAILED BY PREPAID 1st CLASS U.S. MAIL,

FILED
IN CLERKS OFFICE

2006 MAY 22 P 2: 44

THIS DATE: _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

MOTION CAPTIONED AS:

    PETITIONER'S MOTION TO PROCEED PRO-SE AND REMOVE
APPOINTED COUNSEL,SO PETITIONER MAY APPEAR BEFORE THE
COURT MAY 25, 2006 AT 2:30 pm COURTROOM #9,AND ARGUE IN
SUPPORT OF PETITIONER'S PLEADINGS SUBMITTED BEFORE THE
COURT FOR IMMEDIATE RELEASE FROM FALSE IMPRISONMENT...

WITH ATTACHED MEMORANDUM
OF LAW

CC FILE:
U.S. DISTRICT COURT
COUNSEL FOR RESPONDENT,ANNETTE BENEDETTO
RAYMOND E. GILLESPIE


HABEAS ACTION
#03-12552-GAO

_Jesse R. Quinerly_
JESSE R. QUINERLY-W52434