UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSE R. QUINERLY )    HABEAS ACTION
 Petitioner  )    #03-12552-GAO
     )
     )
     )
     )
  v.   )
     )
     )
LUIS SPENCER ET.AL.)    Oct 17, 2006
 Respondent )

## PETITIONER'S MOTION FOR DECLARATORY JUDGMENT FOR IMMEDIATE RELEASE FROM FALSE IMPRISONMENT OR IN THE ALTERNATIVE, IMMEDIATE RELEASE PENDING U.S.DISTRICT JUDGE DISPOSITION ON HABEAS CORPUS PETITION

Now comes Jesse R. Quinerly, the petitioner, pro-se pursuant to Title 28 U.S.C.§2201, Petitioner avers that there must be proof of imprisonment pursuant to a conviction, and the only such proof in the present case were purported "OFFICIAL STATE COURT RECORDS" I.E.,INDICTMENTS, MITTIMUSES, RESPONDENTS SUPPLEMENTAL ANSWER, which were never AUTHENTICATED as instruments of the state court's process, But in fact said "RECORDS" were received from the District Attorneys Office in violation of the HABEAS RULES, In violation of THE FULL FAITH AND CREDIT STATUTE,

SEE TITLE 28 U.S.C.§2254(g),TITLE 28 U.S.C.§2249, TITLE 28 U.S.C.§1738, ENFORCED PURSUANT TO THE FEDERAL SUPREMACY CLAUSES ARTICLE 6 CLAUSES 2 & 3 OF THE U.S. CONSTITUTION, applied to

THE LEGISLATIVE ACTS OF THE STATE THAT REQUIRE

AUTHENTICATION, See M.G.L.CH.212 §26, M.G.L.CH.4.9A.,9B

and Pt II.CH 6.Article 5 of the MASS CONSTITUTION.

(SEE ATTACHED) RESPONDENTS MOTION FOR ENLARGEMENT OF

TIME FOR FILING AN ANSWER AT PARAGRAPH'S 1 & 2.

SEE: FLAMER V. CHAFFINCH 774 F.Supp 211
AT 214, 215, 221.

MAROON V. IMMIGRATION & NATURALI-
ZATION SERVICE 364 F.2d 982 AT 984, 985.

MULLICAN V. UNITED STATES 70 ALR2d 1217
AT 1222,1223,1224,1225.

COMMONWEALTH V. DERAMO 436 MASS 40
AT 46,47,48,49,50.

WAYSIDE TRANS CO, V. MARCELL'S MOTOR-
EXPRESS, INC, 284 F.2d 868 AT 871,872.

Petitioner avers that it is well known principle that

"THE OMISSION TO AFFIX A PROPER SEAL TO A (WRIT OR PROCESS)

ISSUING FROM A COURT OF LAW IN THIS COMMONWEALTH IS SUCH

ERROR AS WILL ABATE,ABORT,NULLIFY THE (WRIT OR PROCESS) IF

THE OBJECTION BE PROPERLY TAKEN".

SEE: HALL V. JONES 9 PICK 446.

SEE: AETNA INS CO. V. HALLOCK, 73 U.S. 556

Holding, ANY PROCESS ISSUING FROM A COURT WHICH BY LAW

IS REQUIRED TO AUTHENTICATE SUCH PROCESS WITH ITS SEAL IS

VOID IF ISSUED WITHOUT A SEAL.

Petitioner avers, that this purported conviction cannot

stand in light of the fact that the State Trial Court was

a court without COMPETENT JURISDICTION pursuant to VOID-

PROCESS.(SEE INDICTMENTS, and MITTIMUSES).

The INDICTMENTS never conferred <u>Jurisdiction</u> upon the State Trial Court to prosecute this case from the beginning, wherefore no <u>MITTIMUSES</u> could not issue where the State Trial Court never had <u>Jurisdiction</u> to convict.

SEE: EX PARTE SPROUT (1807 CC DIST COL)
     FEDERAL CASE NO: 13,267

Holding: WARRANT OF COMMITMANT NOT BEARING COURT SEAL
         IS DEFECTIVE.

SEE: JONES V. ROBBINS 8 GRAY 329 AT 330

Holding: IF A COURT OF SPECIAL AND LIMITED <u>JURISDICTION</u>
         EXCEED THE AUTHORITY CONFERRED, AND ISSUE A-
         WARRANT OF COMMITMENT THE JUDGMENT IS VOID
         NOT MERELY VOIDABLE, AND THE COMMITMENT UNDER
         IT IS ILLEGAL AND MAY BE INQUIRED INTO ON-
         HABEAS CORPUS AND IF THE COMMITMENT IS WRONG
         THE PARTY MAY BE DISCHARGED.

SEE: UNION SAVINGS BANK OF BOSTON V. CAMERON
     65 N.E.2d.313, AT 314.

Holding: A WRIT ALTHOUGH EASILY OBTAINABLE, IS MORE
         THAN A MERE PIECE OF PAPER IT MUST CONFORM TO
         THE REQUIREMENTS PROVIDED BY LAW.

SEE: MASS CONSTITUTION PT II.CH.6.ART 5.

THE INDICTMENTS AND MITTIMUSES IN QUESTION ARE NOT
EXCEPTION TO THE RULES.

SEE: IN RE OPINION OF THE JUSTICES 126 N.E.2d 795
     AT 800 [1,2].

Holding: WORDS OF CONSTITUTION CANNOT BE IGNORED AS
         MEANINGLESS.

This is a clear case of the State Court's inability to obey its own "Constitutional Commands".

Which implicates a Liberty Interest protected by the 14th Amendment against arbitrary deprivation by the State Court's., Identified in the fact that petitioner's conviction was obtained pursuant to VOID PROCESS.

AN INDICTMENT IS A WRIT OF PROCESS IN PERSONAM, CONSTITUTING THE ACT OR PROCESS OF PREPARING OR BRINGING FORWARD SUCH A FORMAL WRITTEN ACCUSATION.

> SEE: BLACK'S LAW EIGHTH EDITION, DEFINITION OF INDICTMENT Page 788.

A MITTIMUS, IS A COURT ORDER OR WARRANT DIRECTING A JAILER TO DETAIN A PERSON UNTIL ORDERED OTHERWISE;

> SEE: BLACK'S LAW EIGHTH EDITION, DEFINITION OF MITTIMUS Page 1024.

It is absolute that the INDICTMENTS and MITTIMUSES issued in this matter required the indispensable mandates of AUTHENTICATION of the State Trial Court just for the criminal process to commence.

> SEE: UNION SAVINGS BANK OF BOSTON V. CAMERON 65 N.E.2d 313.

Holding; THE WRIT IS THE FOUNDATION OF THE ACTION AND IS THE PROCESS BY WHICH THE DEFENDANT IS BROUGHT INTO COURT.

```
         SEE: MATTER OF CERTAIN COMPLAINT'S UNDER
              INVESTIGATION: 783 F.2d.1488 AT.1496.

Holding: THE SEAL OF THE COURT OF APPEALS SERVES NOT
         MERELY TO "AUTHENTICATE" THE SUBPEONA IN THE
         EYES OF THE PERSON SERVED, BUT TO CARRY WITH
         IT THE COURT'S AUTHORITY.
         ONCE THAT AUTHORITY IS INVOKED BY SERVICE OF
         THE SUBPEONA,
         THE COURT UNDER WHOSE SEAL THE SUBPEONA ISSUED
         MUST HAVE "JURISDICTION" TO ENFORCE ITS SUBPEONA
         AND VINDICATE ITS PROCESS.,[CITATIONS OMITTED]

         SEE: PT.II.CH.6.ART 5, SEE: TITLE 28 U.S.C.§1738
              ENFORCED PURSUANT TO ART 6, CLAUSES 2 and 3
              OF THE U.S. CONSTITUTION.(FEDERAL SUPREMACY)

         SEE: DE VINCENT V. UNITED STATES 602 F.2d 1006 AT
              1009, 1010, (1st Cir 1979).

Holding: OUR APPROACH HAS BEEN TO TAKE THE MOVANT'S ALLE-
         GATIONS "AS TRUE, EXCEPT TO THE EXTENT THAT THEY
         ARE CONTRADICTED BY THE RECORD OR ARE INHERENTLY
         INCREDIBLE, AND TO THE EXTENT THAT THEY ARE
         MERELY CONCLUSIONS RATHER THAN STATEMENTS OF
         FACT". OTERO-RIVERA V. UNITED STATES 494 F.2d
         900, 902 (1st Cir 1974), quoting,
         DOMENICA V. UNITED STATES, 292 F.2d 483, 484
         (1st Cir 1961), HOWEVER SPECULATIVE THE INDICT-
         MENT SCENARIO, IT IS SUFFICIENTLY CLEAR, DETAIL-
         ED, PLAUSIBLE, AND UNREBUTTED BY THE RECORD TO
         PASS MUSTER, SEE MARCHIBRODA V. UNITED STATES
         368 U.S. 487, 495. UNITED STATES V. McCARTHY
         433 F.2d 591, 592 (1st Cir 1970).
```

Petitioner filed his FEDERAL HABEAS CORPUS petition in

2003 asserting DENIAL OF FULL AND FAIR OPPORTUNITY TO LITI-

GATE and INEFFECTIVE ASSISTANCE OF COUNSEL, However,Petit-

ioner concedes that the "FACTUAL ALLEGATIONS" submitted in

petitioner's EXPANDED RECORD (Encompassing Petitioner's

State Habeas Corpus petition and all subsequent documents

submitted to the State Court's) Transformed the prior

Habeas Corpus Claims in a significantly different light.

SEE: GAGNE V. FAIR 835 F.2d 6 AT 9
(1st Cir 1987).

Holding: AS THIS COURT INDICATED IN DOMAINGUE V.
BUTTERWORTH 641 F.2d 8, 12 (1st Cir 1981) IF
A PETITIONER "PRESENTS NEW LEGAL THEORIES OR
NEW FACTUAL ALLEGATIONS IN FEDERAL COURT THAT
TRANSFORM HIS CLAIM OR CAST IT IN A SIGNIFIC-
ANTLY DIFFERENT LIGHT" THE CLAIM IS NOT EXHAU-
STED.
GAGNE'S EXTENDED ARGUMENT CAN ONLY BE VIEWED
AS A SIGNIFICANT TRANSFORMATION OF HIS INITIAL
CLAIM BASED ONLY UPON IMPROPER CREDIBILITY
VOUCHING, LEADING AGAIN TO THE CONCLUSION THAT
HE HAS FAILED TO EXHAUST.

However, In the present case at bar, Petitioner has met

the Exhaustion Requirement because the claims encompassing

PETITIONER"S State Habeas Corpus Petition and subsequent

document's were all submitted to the State Court's for

adjudication on the merits first.

(SEE DOCKET 22)
PETITIONER'S MOTION TO EXPAND THE RECORD PURSUANT TO RULES
SECTION 2254 CASES, RULE 7(a) 7(b) 7(c) WITH ATTACHED MEMO-
RANDUM OF LAW.

CITING, WILLIAMS V. HOLBROOK 691 F.2d 3 (1st Cir 1982)

THE EXHAUSTION REQUIREMENT DOES NOT PRECLUDE A STATE
PRISONER FROM SOME REFORMULATION OF THE CLAIMS MADE IN
STATE COURT AND EXHAUSTION ONLY REQUIRES ONLY THAT SUBSTANCE
OF THE HABEAS CLAIMS BE FIRST PRESENTED TO THE STATE COURT'S
Title 28 U.S.C.§2254 (b,c).

Petitioner avers, that petitioner would be entitled to

DECLARATORY JUDGMENT because petitioner has not circumvented

the Exhaustion Requirement

SEE: GRAYSON V. EISENSTADT 300 F.Supp.979
(D.MASS 1969)

Holding: THE FEDERAL DECLARATORY JUDGMENT ACT MAY NOT BE
USED TO CIRCUMVENT THE REQUIREMENT OF EXHAUSTION
OF STATE REMEDY, Title 28 U.S.C.§2201.,

Petitioner assert's, Where petitioner has challenged and

filed MOTION TO STRIKE RESPONDENTS SUPPLEMENTAL ANSWER FROM
THE RECORD FOR CONDUCT DECEIVING TO THE COURT.
(SEE DOCKET 15).

And has challenged AUTHENTICITY OF INDICTMENTS AND

MITTIMUSES, also RESPONDENTS SUPPLEMENTAL ANSWER (WHERE SAID

DOCUMENTS WERE NEVER AUTHENTICATED AS INSTRUMENTS OF THE

STATE COURT PROCESS), THE SAID DOCUMENTS MAY NOT EFFECTIVELY

MERGE INTO THE PLEADINGS IN CONSIDERATION OF A 12(b)(6)

MOTION.

SEE: BEDDALL V. STATE STREET BANK AND TRUST Co.
137 F.3d 12 AT 16, 17.(STANDARD OF REVIEW)

Holding: WHERE NO MOTION TO STRIKE, OR NO CHALLENGE OF
AUTHENTICITY OF DOCUMENTS, THOSE DOCUMENTS MAY
EFFECTIVELY MERGE INTO THE PLEADINGS IN CONSID-
ERATION OF A 12(b)(6) MOTION FOR FAILURE TO
STATE A CLAIM FOR RELIEF.

Petitioner respectfully implore this Honorable Court not

to lose sight of the fact that this court never ordered the

Respondent to file a 12(b)(6) Motion for failure to State a

Claim for Relief.

SEE: UKAWABUTU V. MORTON 997 F.Supp.605 AT 608
(D.N.J.1998).

SEE: ORDER OF THIS COURT (DOCKET #2)
RESPONDENT ORDERED TO FILE ANSWER
OR OTHER RESPONSIVE PLEADING NOT
MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM FOR RELIEF.

<u>PRAYER FOR RELIEF</u>

PETITIONER HAS PROVEN BEYOND ALL DOUBT THAT THIS CONVIC-
TION WAS OBTAINED PURSUANT TO <u>VOID PROCESS</u> CONSTITUTING FAL-
SE IMPRISONMENT, PETITIONER REQUEST THAT THIS COURT CONSIDER
THE FOLLOWING FACTS.

PETITIONER AVERS, ONCE THE GRAND JURY HAS BEEN CONVENED
PURSUANT TO <u>WRITS OF VENIRE FACIAS</u>, THE GRAND JURY THEN
HEAR'S THE TESTIMONY AND VIEWS THE EVIDENCE IN CONSIDERATION
ON THE QUESTION OF THE INDICTMENTS, IF THE GRAND JURY VOTES
TO RETURN TRUE BILL INDICTMENTS, THE INDICTMENTS ARE WRITTEN
UP BY THE INDICTMENT CLERK OF THE DISTRICT ATTORNEYS OFFICE
THE PROSECUTOR THEN RETURNS THE INDICTMENTS BACK TO THE
GRAND JURY FOREPERSON, WHEREUPON THE INDICTMENTS ARE READ TO
THE GRAND JURY TO MAKE SURE THAT THE INDICTMENTS CONFORM TO
THE VOTE OF THE GRAND JURY, WHEREUPON THE INDICTMENTS ARE
RETURNED INTO OPEN COURT TO THE JUDGE SO THAT THE INDICTMENTS
CAN BE AUTHENTICATED AS "INSTRUMENTS" OF THE TRIAL COURT'S
PROCESS BY THE AFFIXING OF <u>THE SEAL OF COURT</u>, WHEREFORE THE
CRIMINAL PROCESS CAN COMMENCE, <u>IT CANNOT BE SAID NOR PROVEN</u>
THAT THE INDICTMENTS IN QUESTION ARE RETURN TRUE BILL INDICT-
MENTS WITHOUT THE JURISDICTIONAL PREREQUISITE OF THE AFFIX-
ING OF <u>THE SEAL OF COURT</u>, THEREFORE, IT IS APPARENT THAT THE
PURPORTED GRAND JURY PROCEEDING IN THIS MATTER WAS NOTHING
MORE THAN A BRUTUM FULMEN PROCEEDING, IDENTIFIED IN THE FACT
THAT <u>THE INDICTMENTS IN QUESTION WERE FRAUDULENTLY FABRIC-
ATED BY THE 2 PROSECUTOR'S IN THIS MATTER.</u>

IT IS PETITIONER'S CONTENTION THAT PETITIONER'S
MOTION FOR DECLARATORY JUDGMENT FOR IMMEDIATE RELEASE
IS RIPE FOR THE GRANTING, BECAUSE LACK OF JURISDICTION
CANNOT BE CONFERRED ON ANY TRIAL COURT BY CONSENT,
INACTION OR STIPULATION, A COURT LACKING JURISDICTION
CANNOT RENDER JUDGMENT BUT MUST DISMISS THE CAUSE AT ANY
STAGE OF THE PROCEEDINGS IN WHICH IT BECOMES APPARENT
THAT JURISDICTION IS LACKING.

THIS COURT MUST DETERMINE THE ULTIMATE QUESTION OF
WHETHER PETITIONER IS WRONGFULLY RESTRAINED OF HIS-
LIBERTY PURSUANT TO VOID PROCESS, THIS IS PETITIONER'S
PRAYER, SEE INDICTMENTS AND MITTIMUSES BECAUSE THIS IS
WHERE THE ANSWER LIES.

PETITIONER REQUEST TO BE BROUGHT BACK BEFORE HIS
HONOR FOR ISSUANCE OF THE GREAT WRIT OF HABEAS CORPUS
AND IMMEDIATE RELEASE FROM FALSE IMPRISONMENT OR IN THE
ALTERNATIVE IMMEDIATE RELEASE PENDING DISPOSITION OF
PETITIONER'S HABEAS CORPUS PETITION.

RESPECTFULLY SUBMITTED

JESSE R. QUINERLY W51434
N.C.C.I. GARDNER
P.O. BOX 466
GARDNER MA 01440

## CERTIFICATE OF SERVICE

I JESSE R. QUINERLY HEREBY CERTIFY THAT TRUE COPIES WERE
MAILED BY PREPAID 1st CLASS U.S. MAIL CERTIFIED RETURN
RECEIPT.


THIS DATE: _Oct 17, 2006_


MOTION CAPTIONED AS:


PETITIONER'S MOTION FOR
DECLARATORY JUDGMENT FOR IMMEDIATE
RELEASE FROM FALSE IMPRISONMENT OR
IN THE ALTERNATIVE, IMMEDIATE RE-
LEASE PENDING U.S. DISTRICT JUDGE
DISPOSITION ON HABEAS CORPUS
PETITION

with attached INDICTMENTS AND MITTIMUSES as exhibits.

with attached MEMORANDIM OF LAW:


GRAYSON V. EISENSTADT
300 F.Supp.979 (D.Mass)
Citing, 28 U.S.C.§2201



RESPECTFULLY SUBMITTED


_Jesse R. Quinerly_
JESSE R. QUINERLY-W51434


CC FILE:
COUNSEL FOR RESPONDENT, ANNETTE BENEDETTO