UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSE R. QUINERLY        )
        Petitioner    )         HABEAS ACTION
                      )         #03-12552-GAO
v.                    )
                      )
                      )
LUIS SPENCER ET.AL.   )
        Respondent    )

## PETITIONER'S RENEWED MOTION FOR IMMEDIATE RELEASE

Now comes the petitioner pro se and state, that it has become apparent that petitioner's rights have been put on a pedestal equal to DRED SCOTT, petitioner further assert, if this court feel that it cannot vindicate the substantive rights of the petitioner, and provide petitioner with EQUAL PROTECTION OF THE LAW and DUE PROCESS, than this court should seriously consider recusal from this HABEAS CORPUS action.

Petitioner understands that petitioner has agitated the court through the pleading's and petitioner's appearance before the court back in June 15 2006, nevertheless the petitioner presses forward until petitioner is discharged from wrongful and unlawful imprisonment pursuant to State Trial Court without JURISDICTION to commence trial and subsequently convict.

Petitioner respectfully request that this court take a hard look and listen at what the petitioner is about to state if it is not already known to this court.

Petitioner is aware that there is no Federal Constitutional right to an Indictment before trial in a state criminal action See, Hurtado v. California 110 U.S. 516, (1884) See Also, Alexander v. Louisiana 405 U.S. 625 (1972); In this circuit, the sufficiency of a state Indictment is not ordinarily a matter for habeas relief unless the Indictment is shown to be so fundamentally defective as to have deprived the convicting court of JURISDICTION to try the cause, Dukette v. Perrin 564 F.Supp. 1530 at 1532,(1st Cir 1983).

Federal habeas relief may "be invoked with respect to the sufficiency of an Indictment only when the Indictment is so fatally defective that under no circumstances could a valid conviction result from facts provable under the Indictment, and that such a determination can be made only by looking to the law of the state where the Indictment was issued", See Johnson v. Estelle 704 F.2d 232 at 236 (5th Cir-1983) emphasis added, 731 F.2d at 1203 (emphasis in original)

Petitioner has enclosed petitioner's recently filed **PLEA IN ABATEMENT, with the COMMONWEALTH'S MEMORANDUM AND OPPOSITION, with PETITIONER'S SUPPLEMENT IN SUPPORT OF PETITIONER'S PLEA IN ABATEMENT.**,Filed and ignored by the State Court.

Petitioner was arrested February 28, 1991 for **Larceny of M/V**, Petitioner thereafter was **arraigned** in Dorchester District Court **March 1, 1991**, whereupon petitioner was released and transferred to East Boston District Court to be arraigned for purported charges in said complaint (attached herein) from East Boston District Court.

Petitioner was then told by appointed counsel that petitioner had been **DIRECTLY INDICTED** to Suffolk Superior Court in which petitioner was transferred from East Boston District Court to Suffolk Superior, <u>whereas petitioner was wrongfully advised to waive reading of the Indictment by abstract counsel prior to arraignment in Suffolk Superior Court on March 1, 1991</u>, in effect giving the lawful illusion that petitioner had agreed to be proceeded against by Indictments that were never returned by a legally constituted and unbiased Grand Jury. The purported "sitting" of the Grand-Jury to return a True Bill Indictment had to commence and conclude on March 1, 1991 in order to preempt a Probable Cause Hearing in the District Court, whereas, it is common knowledge that the Grand Jury commences a "sitting" every first monday of the month, whereas it becomes evident that **NO GRAND JURY WAS SITTING** to determine probable cause so that petitioner could be held to answer, in order to commence trial in Suffolk Superior Court, reason being <u>THE **ACTUAL "SITTING" OF THE GRAND JURY DID NOT COMMENCE UNTIL MARCH 4, 1991**</u>.

See, Petitioner's PLEA IN ABATEMENT AND SUPPLEMENT IN SUPPORT OF PLEA IN ABATEMENT with attached exhibits, this is one of the worst cases of convict now, build the case later that this court will ever be made aware of, the question now becomes will this court vindicate the substantive rights of the petitioner ultimately leading to discharge from unlawful imprisonment pursuant to a trial court without JURISDICTION pursuant to "VOID PROCESS" or will this court stand by and do nothing and let this sham of a conviction stand. Petitioner submits that petitioner has been nothing but respectful towards this court to the point of being intimidated of this court, because petitioner thought that this court took an intimidated oath to uphold the U.S. Constitution and provide Equal Protection of the Law and Due Process for all, and even though, through the eyes of this court the petitioner is viewed as THE "IMPUDANT" petitioner wears the title of the impudant with pride because it is better in the grand scheme of this matter to be the impudant, than, THE DEAF, DUMB, AND BLIND HABEAS CORPUS PETITIONER WHO DOES NOT KNOW HIS RIGHTS, it took almost 18 years to figure out what was done to me this was nothing more than a public kidnapping and the petitioner is angry that so many officer's of the court were involved,

Petitioner respectfully aver, that petitioner intends to stay and stare in the face of this court, until this court takes Judicial Notice of the Fundamental Miscarriage of Justice committed upon the petitioner, (State Court Conviction obtained pursuant to "**VOID PROCESS**") Petitioner has proven that petitioner is entitled to Immediate Release from False Imprisonment, this court must ISSUE THE GREAT WRIT so petitioner can return back to his family and friends and resume being a productive member of society as was the case before this matter arose and manifested.

In conclusion: Please review petitioner's **PLEA IN ABATEMENT EVEN THE A.D.A. OPPOSITION, AND PETITIONER'S SUPPLEMENT IN SUPPORT OF PETITIONER'S PLEA IN ABATEMENT AND WRIT OF HABEAS CORPUS AD-SUBJICIENDUM TO SUFFOLK SUPERIOR COURT**, AND APPLY THE STATE LAW TO WERE THE INDICTMENTS ISSUED (DIRECT-INDICTMENTS THAT IS) IT BECOMES CLEAR THAT THIS COURT MUST DISCHARGE THE PETITIONER FORTHWITH IN WHICH THE COMPLAINT AGAINST YOUR HONOR MAY BE DISMISSED DUE TO AN **INTERVENING EVENT** THAT MADE ADJUDICATION ON THE COMPLAINT UNNECESSARY 28 U.S.C. § 352(b)(2)

Respectfully Submitted

*Jesse R. Quinerly*
JESSE R. QUINERLY-Pro Se
500 Colony ROAD
P.O. BOX 466
Gardner, Ma 01440

## CERTIFICATE OF SERVICE

I JESSE R. QUINERLY HEREBY CERTIFY THAT TRUE COPIES WERE MAILED BY PREPAID 1st CLASS U.S. MAIL CERTIFIED RETURN RECEIPT.

THIS DATE: *March 19, 2007*

  MOTION CAPTIONED AS:

**PETITIONER'S RENEWED MOTION FOR IMMEDIATE RELEASE**

with attached exhibits

  MAILED TO:

OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02208


CCFILE
ANNETTE BENEDETTO, COUNSEL FOR RESPONDENT.


                                    Respectfully Submitted

                                    *[signature]*
                                    JESSE R. QUINERLY Pro Se
                                    NCCI GARDNER
                                    500 COLONY ROAD
                                    P.O. BOX 466
                                    GARDNER, MA 01440