UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12552-GAO

JESSE QUINERLY,
Petitioner

v.

LUIS SPENCER,
Respondent

ORDER
April 19, 2007

O'TOOLE, D.J.

Jesse Quinerly filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2000). His custodian, the respondent, moved to dismiss the petition on the grounds that it contained claims that were unexhausted and/or procedurally defaulted. See id. § 2254(b)-(c). The matter was referred to a magistrate judge in the first instance, who issued a report and recommendation that the respondent's motion be allowed. The petitioner filed objections to the recommendation, and the parties were heard on the issues before me.

Quinerly was convicted by a jury in the Massachusetts Superior Court of aggravated rape and kidnaping, armed robbery, and assault by means of a dangerous weapon. At his trial there was evidence that on February 22, 1991, Quinerly approached the victim, demanded her car keys, held her hostage while driving her car, and forced her to perform sexual acts. The victim eventually escaped and reported the crimes to the Boston police. Among other things, she gave a description of her assailant and of her car, which he was still driving. The description of the car was broadcast

1

so that the police could be on the lookout for it. Several days later, police officers spotted the petitioner entering the stolen car and arrested him. The police then obtained and executed a search warrant for the petitioner's residence. The petitioner's girlfriend was present at the time of the search. In the search, the police found the victim's briefcase, portable computer, and handbag, as well as a jewelry pendant that was then being worn by the girlfriend.

About one week prior to his trial, the petitioner told his lawyer, for the first time, that his girlfriend had said that the police had begun searching the residence before they had obtained the warrant. The lawyer interviewed the girlfriend a few days before trial and on the first day of trial informed the court of the possibility that the search had been unlawful and that the evidence seized might be subject to exclusion. He also suggested that the girlfriend should be given an opportunity to have her own legal counsel before she gave any evidence because the circumstances suggested the possibility that she could be charged with the crime of receiving stolen property. A lawyer was appointed for the girlfriend, who advised her not to execute any sworn affidavit about the search. Lacking such an affidavit, Quinerly's trial counsel did not file a motion to suppress or otherwise move to have the fruits of the search excluded.[1] The trial culminated in Quinerly's conviction.

On direct appeal, the Massachusetts Appeals Court affirmed the trial court's judgment. Commonwealth v. Quinerly, 643 N.E.2d 1066 (Mass. App. Ct. 1994) (table). The petitioner then filed his first application for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), which denied it summarily. Commonwealth v. Quinerly, 646 N.E.2d 1070 (Mass. 1995) (table).

---

[1] Because a jury had already been empaneled and the trial was about to begin, the trial judge reserved the question whether any such motion would be entertained even if it were filed.

The petitioner also filed three separate motions in the Superior Court in collateral attack upon the conviction.  First, while his direct appeal was still pending, he filed a motion for a new trial pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure, which was eventually denied on March 9, 2001.  He then filed a motion for reconsideration, which was denied on July 24, 2001. Finally, he filed what he labeled as a "Traverse," which the Superior Court judge treated as a second motion for a new trial and it was denied on August 16, 2001.  The petitioner filed a consolidated appeal from the denial of the three collateral attack motions.  On June 13, 2003, the Appeals Court affirmed the denial of those motions.  Commonwealth v. Quinerly, 789 N.E.2d 1093 (Mass. App. Ct. 2003) (table).  The petitioner then filed his second ALOFAR with the SJC, which the SJC again summarily denied.  Commonwealth v. Quinerly, 795 N.E.2d 573 (Mass. 2003) (table).  He then filed the present petition for a writ of habeas corpus in this Court.

A state prisoner may obtain federal habeas relief if he shows that the judgment of the state courts was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d) (2000).  In his petition, Quinerly asserts eight separately stated grounds for granting him the writ. Before the merits of any particular ground can be addressed, however, the petitioner must first show that he has properly exhausted his available remedies as to that ground in the state courts.

Section 2254(b) states the requirement of exhaustion: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted remedies available in the courts of the State." Id. § 2254(b)(1)(A).  As a general matter, the key (though not exclusive) guide to whether a particular claim has been exhausted in the Massachusetts state courts is whether it was presented to

the SJC in an ALOFAR after review by the Appeals Court.  See Adelson v. DiPaola, 131 F.3d 259,

263 (1st Cir. 1997) ("[W]e must determine whether the petitioner fairly presented the federal claim

to the SJC within 'the four corners' of [the ALOFAR].").

Even if a federal claim had been properly *presented* to the SJC for exhaustion purposes, the

claim might not be reviewed on the merits by a federal habeas court if the state court had resolved

the issue on state law grounds independent of the federal claim.  In Massachusetts, one such

independent state ground is its waiver rule.  Habeas petitions are subject to dismissal under the

principle that a federal court will not "review a question of federal law decided by a state court if the

decision of that court rests on a state law ground that is independent of the federal question and

adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citing Fox

Film Corp. v. Muller, 296 U.S. 207, 210 (1935); Klinger v. Missouri, 13 Wall. 257, 263 (1872)); see

also Olszewski v. Spencer, 466 F.3d 47, 62 (1st Cir. 2006).  A state judgment contingent on a state

procedural rule operates as an independent and adequate state ground which thereby precludes federal

review.  Coleman, 501 U.S. at 729-30.[2]

In Massachusetts, the procedural rule of waiver prevents a defendant from raising "any ground

in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal."

---

[2] "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  In certain exceptional cases involving a compelling claim of actual innocence, however, the state procedural default rule is not a bar to a claim on federal habeas review.  House v. Bell, 126 S. Ct. 2064, 2068 (2006).  To establish actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Commonwealth v. Chase, 741 N.E.2d 59, 64 (Mass. 2001) (citing Commonwealth v. Pisa, 425 N.E.2d 290 (Mass. 1981)).[3]   The rule also applies to serial post-conviction motions; a new issue may not be raised in a later new trial motion if it could have been raised in a prior one.  See Quinerly, 789 N.E.2d 1093; Mass. R. Crim. P. 30(c)(2).   Massachusetts courts have consistently held such late-raised claims to be waived. Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002)(citing Commonwealth v. Fernandes, 722 N.E.2d 406, 409 n.13 (Mass.1999)).

Accordingly, before Quinerly's claims in his habeas petition can be examined on the merits, it must be determined, first, whether he has properly exhausted his available state court remedies as to those claims, and second, if so, whether the state courts' rulings nonetheless bar federal review because the rulings were based on adequate state law grounds independent of federal law.

The starting place for the exhaustion inquiry is the two ALOFARs, which must be examined to determine what federal issues Quinerly adequately presented to the SJC.  Those federal claims so presented are considered exhausted for purposes of habeas review. Once the exhausted federal claims are identified, it can be determined whether those claims are presented in the habeas petition.  This process will also reveal whether the habeas petition contains claims that were not presented to the state courts and thus are unexhausted. [4]

---

[3] The SJC's test for determining whether a claim has been waived, "is whether 'the theory on which [a defendant's] argument is premised has been sufficiently developed [at the time of the defendant's trial and prior appeal or appeals] to put him on notice that the issue is a live issue.'" Chase, 741 N.E.2d at 64 (quoting Commonwealth v. Amirault, 677 N.E.2d 652, 669 (Mass. 1997)) (alteration in original).

[4] The magistrate judge used a different methodological approach, which led her to recharacterize the claims and to propose a rewording of the petition, striking some of the grounds as presented by the petitioner and substituting revised grounds presenting essentially the same issues. Pro se litigants are given the benefit of liberal understanding of their pleadings to correct for any injustice that might flow from applying technical or demanding rules of the pleader's art that lawyers

In his first ALOFAR, the petitioner raised the following claims:

> (1) whether the rape and assault charges should have been dismissed in light of the fact that venue for those charges did not rest in Suffolk County and that the Commonwealth failed to file a motion pursuant to M.G.L. c. 277, § 57A,

> (2) whether it was reversible error to deny the defendant's motions for a required finding of not guilty, in light of the lack of venue in Suffolk County and the lack of a M.G.L. c. 277, § 57(A) motion from the Commonwealth, [and]

> (3) whether trial counsel rendered ineffective assistance by failing to properly investigate and to file a timely motion to suppress physical evidence purportedly seized pursuant to a warrant.

(Appellant's Application for Further Appellate Review at 9-10, Dec. 15, 1994.)

It is apparent that the first two claims of the petitioner's direct appeal ALOFAR relate solely to particular provisions of Massachusetts statutory law and as such are beyond this Court's review. Coleman, 501 U.S. at 729 ("In the context of direct review of a state court judgment . . . .this Court has no power to review a state law determination that is sufficient to support the judgment . . . ."). The third claim, however, does adequately present the federal claim that the petitioner's Sixth Amendment right to effective assistance of counsel was violated. Although he only cited one federal case in his brief in support of this claim, he also relied on two leading Massachusetts state cases on the issue, Commonwealth v. Saferian, 315 N.E.2d 878 (Mass. 1974) and Commonwealth v. Satterfield, 364 N.E.2d 1260 (Mass. 1977), which treat the issue in ways fully congruent with federal constitutional principles, thus alerting the SJC to the federal claim. See Smiley v. Maloney, 422 F.3d

---

can be expected to follow, but not lay people. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). That goal can be adequately achieved by taking the petition as framed by the petitioner and giving it a sensible construction, acknowledging the petitioner's lack of legal training. This is the principal reason why I do not adopt the report and recommendation in this case, but rather present my own analysis of the issues.

17, 22 (1st Cir. 2005) ("We have noted on several occasions that...the <u>Saferian</u> standard is 'functionally identical to the federal standard,'. . .and is therefore sufficient for habeas ineffective assistance claims.") (internal citations omitted); <u>see also</u> <u>Scarpa v. DuBois</u>, 38 F.3d 1, 6-8 (1st Cir. 1994) (finding federal ineffective assistance of counsel claim exhausted despite petitioner's failure to cite to any federal authority in state court proceedings). Moreover, the use of the phrase "ineffective assistance of counsel" throughout the petitioner's argument expressed the federal constitutional issue in play. <u>Scarpa</u>, 38 F.3d at 7 ("[A]n argument phrased as 'ineffective assistance of counsel' certainly 'claim[s] a particular right specifically guaranteed by the Constitution.' (quoting <u>Gagne v. Fair</u>, 835 F.2d 6, 7 (1st Cir. 1987))) (alteration in original).

The claim of a denial of a federal right is made with reference to particular factual circumstances, and those circumstances serve to define the scope of the exhausted claim. <u>Lanigan v. Maloney</u>, 853 F.2d 40, 45 (1st Cir. 1988) (petitioner must have fairly presented the same underlying facts of his federal habeas claim to the state courts); <u>Gagne</u>, 835 F.2d at 7 (same with respect to the petitioner's legal theory). In his first ALOFAR, the petitioner argued his trial counsel's ineffective assistance solely in terms of counsel's failure to move to suppress the fruits of the search of Quinerly's residence. Therefore, the scope of the exhausted claim of ineffective assistance of trial counsel is limited to the failure to move to suppress the fruits of the search.

With respect to the petitioner's second ALOFAR, the petitioner presented claims of error under three general headings: "motion to suppress," "ineffective assistance of counsel," and "sufficiency of the grand jury evidence." As to the first claim, "motion to suppress," he argued that his arrest by the Boston police was made without probable cause and was therefore unlawful under the Fourth Amendment. He further contended that the illegal arrest tainted the subsequent search of

his residence and served as a reason to find that search unlawful as well. He also argued that the police had failed to obtain a "complaint" before applying for the search warrant. His second claim, "ineffective assistance of counsel," is related; he contended that both his trial and appellate counsel were constitutionally ineffective in failing to argue the unlawfulness of the arrest and subsequent search. To some extent this claim is redundant of the claim of ineffective assistance made in the first ALOFAR, but it expands that claim in two key respects. It included trial counsel's omission to address the arrest and its effect on the subsequent search, and it also included allegations of ineffective assistance of appellate counsel. The third claim in the second ALOFAR, "sufficiency of the grand jury evidence," is that the indictment was handed up in violation of the Fifth Amendment because it was the product of the grand jury's consideration of evidence obtained as a result of violations of the Fourth Amendment. Each of these claims of error in the second ALOFAR was framed in terms of a violation of a federal constitutional guarantee.

In summary, then, Quinerly presented the following federal constitutional claims in his ALOFARs: that he was denied the effective assistance of trial counsel for failure to suppress the fruits of the assertedly invalid search (first ALOFAR, third claim); that his conviction was obtained in violation of his substantive Fourth Amendment rights, both with respect to his arrest and to the search of his residence (second ALOFAR, first claim); that he was denied his right to the effective assistance of counsel by reason of his trial and appellate lawyers' failure to move to suppress the evidence stemming from his unlawful arrest (second ALOFAR, second claim); and that his Fifth Amendment rights were violated because the grand jury considered evidence unlawfully obtained in determining to indict him (second ALOFAR, third claim).

Of these four claims, however, only one – the claim presented in the first ALOFAR that trial counsel had been ineffective – was decided on the merits by the state courts.  The other three claims, those presented in the second ALOFAR, were treated by the state courts as waived and not resolved on the merits.  See Commonwealth v. Quinerly, 789 N.E.2d 1093 (Mass. App. Ct. 2003) (table), review denied by 440 Mass. 1102 (Mass. 2003).  Denial by the state courts of a prisoner's challenge to his conviction on the basis of state procedural rules that are consistently applied precludes federal habeas review unless the petitioner can either show cause for the procedural default and consequent prejudice or that a fundamental miscarriage of justice will occur unless the defaulted claim is considered by the federal court. See Coleman, 501 U.S. at 750; Gunter, 291 F.3d at 78.

Quinerly has presented nothing that would support a finding that there was justifiable cause for his procedural default. The basis for each of the claims raised for the first time in the second ALOFAR, except for the claim of appellate counsel's ineffectiveness, was known at the time of the direct appeal.  Quinerly had appellate counsel who was different from trial counsel and who did actually present one argument why trial counsel had been ineffective.  There appears no reason why additional arguments as to trial counsel's ineffectiveness could not also have been made.  See Commonwealth v. Lapointe, 774 N.E.2d 1135, 1139 (Mass. App. Ct. 2002).  Likewise, there is no indication as to why petitioner could not have raised the claim of appellate counsel's ineffectiveness at least as early as the second of his three motions in the Superior Court seeking collateral relief. Quinerly, 789 N.E.2d 1093.

Nor can it be concluded on the record presented that not permitting Quinerly to present his procedurally defaulted claims would result in a fundamental miscarriage of justice.  The First Circuit has succinctly stated what is required to invoke this basis for ignoring a procedural default:

> To show that a fundamental miscarriage of justice would occur in the habeas context, "petitioner must establish actual innocence." <u>Simpson v. Matesanz</u>, 175 F.3d 200, 210 (1st Cir. 1999). To do this, "petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

<u>Gunter</u>, 291 F.3d at 83. The petitioner here makes no genuine attempt to satisfy this standard, and the record reveals that any such attempt would be doomed to failure.

The upshot is that in his appeals in the Massachusetts courts, only one federal claim was addressed on the merits. That is the third claim of the first ALOFAR, that his trial counsel rendered constitutionally ineffective assistance by failing to move to suppress the evidence seized as a result of the search of his residence. While the grounds for habeas relief asserted in the present petition are set forth in unclear and ambiguous terms, giving a generous reading to the petition it appears that this single claim is set forth in either "Ground Five"[5] or "Ground Six"[6] (or both) as set forth in the petition. Having effectively presented this federal claim to the Massachusetts state courts, Grounds Five and Six may be deemed exhausted.

All the other grounds for habeas relief asserted in the petition, although exhausted, were resolved based on the independent and adequate state procedural rule of waiver and are thus ineligible for habeas review. Grounds One through Three assert claims of substantive violations of the Fourth

---

[5] "<u>Ground Five</u>: Ineffective Assistance of Counsel, in both the single assertion and the sum of all allegations. Additionally for failure to defend separate claims presented forthwith. <u>Supporting Facts</u>: In that counsel defied the defendant's claims and desires to present witness', twice defined the defendant's demands to move for an Exclusionary Hearing."

[6] "<u>Ground Six</u>: Ineffective Assistance of Counsel, in both the single assertion and the sum of all such allegations. Additionally for failure to defend the separate claims presented forthwith. <u>Supporting Facts</u>: Denied defendant's demand for further process on the denial of the Court's rejection of defense witness testimony."

and Fifth Amendments.  These claims were (arguably) the subject of the first claim of error in

Quinerly's second ALOFAR.  The Massachusetts Appeals Court ruled that the claims were waived,

and the SJC denied the ALOFAR without further comment.  It is presumed that the SJC acted for

the reason articulated by the Appeals Court. See Gunter, 291 F.3d at 80 (citing Ylst v. Nunnemaker,

501 U.S. 797 801 (1991)).  Similarly, Ground Four asserting claims of ineffective assistance of

appellate counsel, was raised to the Massachusetts Appeals Court on the second round of appeals,

but deemed waived, a ruling which was undisturbed by the SJC.

Grounds Seven (asserting ineffective assistance of counsel as to various trial errors regarding

evidence and jury instructions) and Eight (asserting ineffective assistance of counsel in post-

conviction proceedings) were never raised in any form in the Massachusetts courts and thus would

at first blush be considered unexhausted.  "However, exhaustion may be found even where the habeas

petitioner has never presented his federal claims to state court. Such would be the case if, at the time

the habeas petition was filed, there was no longer a state remedy available due to the petitioner's

procedural default."  Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993).  As explained, the

Massachusetts waiver rule is a state procedural mechanism that operates to foreclose otherwise

available state remedies.

Under this rubric, Grounds Seven and Eight may be considered exhausted. As to these claims

there is now no state remedy available because it is inevitable that the Massachusetts courts would

regard them as waived, and a federal court would therefore regard them as procedurally defaulted.

Grounds Seven and Eight, complaining about trial counsel's ineffectiveness with respect to the trial

judge's jury instructions and "post-conviction proceedings," were available at the time of the direct

appeal, but were not raised.  These two claims are just like the claims contained in Grounds One

through Three of the habeas petition, which were found by the Massachusetts appellate courts to have been waived. While this Court could give relief from the procedural default upon a showing of either cause and prejudice or a fundamental miscarriage of justice, as noted above, Quinerly has demonstrated neither.

In sum, then, all the claims in the habeas petition are procedurally defaulted except Grounds Five and Six to the extent that those grounds present the claim that Quinerly was denied the effective assistance of counsel by reason of his trial lawyer's failure to move to suppress evidence seized in the search of Quinerly's residence based on the petitioner's girlfriend's statement that the search preceded the warrant. That claim is properly exhausted.[7]

It is also patently without merit. By dint of the Sixth Amendment, the petitioner was entitled to representation by counsel that could be said to fall within "the wide range of professionally competent performance." Strickland v. Washington, 466 U.S. 668, 690 (1984). To prove otherwise, it falls to the petitioner to show that counsel's performance was so deficient "that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687.

On the undisputed facts in the record, the petitioner cannot meet this standard. See Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986). This is not a case where counsel simply failed to recognize or pursue a promising opportunity on his client's behalf. When Quinerly told his lawyer that his girlfriend had information that could support a motion to suppress – one week prior to trial – counsel sought to obtain an affidavit from the girlfriend so that he could make such a motion. When the girlfriend, on advice of her own counsel, refused to give an affidavit, counsel was

---

[7] Because the claims are either exhausted and ripe for review or exhausted but procedurally defaulted, the petition is not subject to dismissal as a "mixed" petition under the doctrine of Rose v. Lundy, 455 U.S. 509 (1982), as the respondent contends.

unable to present the contemplated motion. There is nothing professionally deficient about refraining from filing a fact-dependent motion without factual support. The Sixth Amendment does not require counsel to file any motion requested by the client. What it does require is sound, attentive professional judgment on behalf of the client. That judgment can include a decision to refrain from filing a motion without adequate support. Indeed, filing an obviously unsupported motion may undercut counsel's credibility with the tribunal and ultimately redound to the client's disadvantage.

The only exhausted claim not procedurally defaulted plainly lacks merit, therefore the petitioner is not entitled to the writ. The petition is dismissed on the merits with prejudice.

It is SO ORDERED.


April 19, 2007_____                    ___/s/ George A. O'Toole, Jr._____
DATE                                         DISTRICT JUDGE