UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JESSE R. QUINERLY       )
        petitioner      )
                        )
                        )
                        )
v.                      )          HABEAS ACTION
                        )          #03-12552-GAO
                        )
                        )
LUIS SPENCER et al      )
        respondent      )
```

FILED
IN CLERKS OFFICE

2007 MAY 31  P 12: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PETITIONER'S LATE FILING OF NOTICE OF APPEAL IN REQUEST FOR EXPANDED CERTIFICATE OF APPEALABILITY.

Now comes the **petitioner** Jesse R. Quinerly in the above entitled matter and hereby state the following, petitioner did not receive from U.S. District Court Judge (O'TOOLE) or from appointed counsel any ORDER or DISPOSITION indicating that petitioner's Habeas Corpus petition had been dismissed, that includes to this date.

petitioner did have occasion to speak with appointed counsel on **May 23, 2007,** whereupon petitioner was told by counsel that the Habeas petition had been dismissed sometime **mid april.**

it is petitioner's contention that petitioner was intentionally **denied issuance** of any ORDER or DISPOSITION, so that petitioner could file a 'TIMELY NOTICE OF APPEAL' IN RE-QUEST FOR A CERTIFICATE OF APPEALABILITY.

petitioner also state that **petitioner absolutely had no intention to allow appointed counsel to file a NOTICE OF APPEAL ON BEHALF OF PETITIONER.**,

it is apparent that the Merits of petitioner's claims in there <u>totality</u> were not reached by the court, WHEREFORE,

<u>PETITIONER'S LATE FILING OF NOTICE OF APPEAL IN REQUEST FOR EXPANDED CERTIFICATE OF APPEALABILITY</u>

Should be <u>GRANTED</u> for the following reasons:

On or about **March 26, 2007** petitioner filed to the 1st Circuit Court of Appeals;

PETITIONER'S SECOND AND SUCCESSIVE PETITION PURSUANT TO RULES GOVERNING SECTION 2254 CASES, HABEAS RULE 9(b)...

and,

PETITIONER'S MOTION FOR EVIDENTIARY HEARING ON SECOND AND SUCCESSIVE HABEAS CORPUS PETITION.

Petitioner's motion for Evidentiary Hearing was denied, and as it stands now, petitioner's second petition is still before the 1st Circuit held in **abeyance.**

Petitioner's Second Petition obviously was still pending prior to any ORDER or DISPOSITION from judge (O'TOOLE) dismissing petitioner's petition, while petitioner concedes that the Second Petition may have been filed prematurely **the 1st Circuit had the discretion to construe the Second Petition as a AMENDED PETITION in collusion with the first HABEAS PETITION SO THAT THE SECOND PETITION COULD BE SENT DOWN TO JUDGE (O'TOOLE) FOR ADJUDICATION ON THE MERITS,**

Because the claims submitted in the Second Petition "RELATED BACK" to the First Petition,

   See CHING v. UNITED STATES 298 F.3d 174 at 175.

Court of Appeals remands to district court to "consider whether the issues raised in [petitioner]'s motion to amend relate back to the claims raised in the original § 2255 motion".

   See WHAB v. UNITED STATES 408 F.3d 116 at 118-119, n.2, 120.

The rules for successive petitions do not apply if a petitioner files a petition while a previous petition is still in the process of being litigated

   See NEVERSON v. FARQUHARSON 366 F.3d 32 at 37.

Judge Lindsay also rejected Neverson's argument that his second petition "RELATED BACK" to his first under Fed.R.Civ.P.(15(c). Id. But while he denied Neverson's petition, Judge Lindsay granted a certificate of appealability on both the tolling and relation-back issues. See id. Neverson then perfected his appeal.

   Bottomline, petitioner's defective filing of Second Petition captioned as Second and Successive Petition was curable, and required ADJUDICATION ON THE MERITS, so that if petitioner had received an adverse disposition from the court petitioner could properly seek application for Certificate of Appealability, JUDGE O'TOOLE'S PURPORTED ORDER MUST BE VACATED, AND THE SECOND PETITION SENT DOWN TO JUDGE O'TOOLE FOR ADJUDICATION ON THE MERITS, BY MEANS OF AN EVIDENTIARY HEARING.

   See DE VINCENT v. UNITED STATES 602 F.2d 1006 at 07, 08, 09, 10.

   Essentially holding, WHERE PROSECUTOR HAD ENGAGED IN DRAWING UP INDICTMENTS WITHOUT GRAND JURY ACTION AND PETITIONER FILED MOTION TO VACATE, AND JUDGE DISMISSED MOTION TO VACATE WITHOUT EVIDENTIARY HEARING THE 1st CIRCUIT REMANDED BACK TO THE DISTRICT COURT JUDGE FOR HEARING ON THE MERITS.

## THE MERITS OF THE SECOND PETITION

Petitioner respectfully aver, that it is well settled that HABEAS CORPUS has long been available to attack convictions and sentences entered by a court **without jurisdiction**.

    See UNITED STATES v. ADDONIZIO 442 U.S. 178 at 185.

    See STONE v. POWELL 428 U.S. 465 at 475.

    See GLYNN v. DONNELLY 470 F.2d 95 at 97.

In the 1st Circuit the long standing principle has always been, that, Habeas Corpus relief is available where **INDICTMENT IS SO DEFECTIVE AS TO DEPRIVE THE TRIAL COURT OF JURISDICTION.**

    See DUKETTE v. PERRIN 564 F.Supp 1530 at 1532.

Petitioner is aware that the Due Process Clause of the **Fourteenth Amendment** does not require that a state provide indictment by a grand jury, and the Due Process Clause does not require the states to observe the **Fifth Amendment's** provision for presentment or indictment by a grand jury.,

    See SMITH v. HALL 874 F.Supp. 441 at 443.

However, when determining the Sufficiency of the indictment such a determination can be made 'only' by looking to the **law of the state where the indictment was issued.**

    See DUKETTE v. PERRIN 564 F.Supp 1530 at 1533.

challenging language of state rape statute in determining whether those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished.

See <u>HAMILTON v. McCOTTER 772 F.2d 171 at 184</u>.

challenging whether indictment was 'forged' by prosecutor, and whether the <u>Texas Constitution</u> required a grand jury indictment for all felony prosecutions, which of course was answered in the affirmative.

IT IS PETITIONER'S CONTENTION THAT THE CRIMINAL PROCEEDINGS WERE INITIATED BY 'FORGED' INDICTMENTS BY MEANS OF MERE **INFORMATION**, SUCH AN ALLEGATION REQUIRES INSPECTION OF THE PURPORTED RECORDS OF THE VENIRE PANEL TO DETERMINE WHETHER THE **RETURN** OF THE INDICTMENTS APPEARED CONSISTANT WITH THE COMMON LAW QUORUM REQUIREMENT OF AT LEAST 12 VENIRE PERSONS TO SIT IN DETERMINATION OF PROBABLE CAUSE TO INDICT, IN ORDER TO RETURN TRUE BILL INDICTMENTS.

See <u>COMMONWEALTH v. SMITH 9 MASS. 107 at 109.</u>

See <u>COMMONWEALTH v. WILCOX 767 N.E.2d 1061 at 1063</u>.

See <u>M.G.L.CH.277 § 2.</u>

See <u>M.G.L.CH.263 § 4</u>, no person shall be held to answer in any court for an alledged crime, except upon an indictment by a grand jury or upon a complaint before a district court.

See <u>DE GOLYER v. COMMONWEALTH 51 N.E.2d 251 at 252</u>. ARTICLE 12 of our Bill of Rights is as follows, No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself.

The facts are this: The criminal proceedings initiated against the petitioner were purportedly initiated by <u>DIRECT INDICTMENT</u> petitioner was arrested **February 28, 1991,** for Larceny of M/V

in which petitioner appeared before a district court judge at Dorchester District Court for **'ARRAIGNMENT'** for larceny of a M/V on **March 1, 1991**, See <u>Attached Complaint</u> from Dorchester District Court.

Petitioner was then transferred to East Boston District Court for **'ARRAIGNMENT'** for charges cited in purported complaint, in which petitioner was informed by appointed counsel that petitioner had been DIRECTLY INDICTED TO SUFFOLK SUPERIOR COURT on **March 1, 1991**, See <u>Attached Complaint</u> from East Boston District Court.

On **March 1, 1991**, petitioner was committed to the County Jail after **'ARRAIGNMENT'** before a Judge at Suffolk Superior Court, whereupon <u>petitioner was wrongfully advised by appointed counsel to waive reading of the indictments</u>, <u>indictments at that point that were never returned by a legally constituted and unbiased grand jury on **March 1, 1991**</u>,

See <u>COSTELLO v. UNITED STATES 350 U.S. 359 at 363</u>.
The Gravamen of the issue is this: **THE OFFENSES CHARGED IN THE DISTRICT COURT COMPLAINTS WERE BEYOND THE FINAL JURISDICTION OF THE DISTRICT COURTS OF DORCHESTER AND EAST BOSTON WHEREFORE BOTH DISTRICT COURTS WERE <u>RESTRICTED ONLY</u> TO PROBABLE CAUSE HEARINGS.**

See <u>LATAILLE v. DISTRICT COURT OF EASTERN HAMPDEN 320 N.E.2d 877 at 879 [4-6]</u>

See <u>MASS.CRIM.PRACTICE.VOL 1.CH 1. § 1.3.(1999)</u>.

THE PURPORTED SITTING OF THE GRAND JURY SITTING IN DETERMINATION OF PROBABLE CAUSE TO INDICT, IN ORDER TO RETURN TRUE BILL INDICTMENTS REQUIRED TO COMMENCE AND CONCLUDE ON MARCH 1, 1991 BECAUSE IT IS WELL KNOWN PRINCIPLE THAT A DIRECT INDICTMENT OR INTERVENING INDICTMENT PREEMPTS A PROBABLE CAUSE HEARING IN THE DISTRICT COURTS OF THE STATE.

   See MASS.CRIM.PRACTICE.VOL.1.CH.2. § 2.1B. (1999).
        SEE CASE LAW CITED THEREIN.

THE INDICTMENTS STATE THE FOLLOWING:

TRANSACTION OF CRIMINAL BUSINESS ON THE FIRST MONDAY OF MARCH IN THE YEAR OF OUR LORD ONE THOUSAND NINE HUNDRED AND NINETY ONE.

   SIMPLY AVERRED, PETITIONER WAS NOT DIRECTLY INDICTED ON MARCH 1, 1991, BECAUSE THE ACTUAL SITTING OF THE GRAND JURY COULD NOT COMMENCE UNTIL MARCH 4, 1991, PETITIONER ALSO AVER THAT THERE WAS NO SPECIAL GRAND JURY CONVENED BY THE REQUEST OF THE ATTORNEY GENERAL ON MARCH 1, 1991, WHEREAS THE INDICTMENTS WERE INITIATED AND ENDORSED BY THE TWO ASSISTANT DISTRICT ATTORNEYS IN THIS MATTER.

   See M.G.L.CH.277 § 2A. See Attached Indictments.

   Certainly a conviction obtained under the circumstances described above clearly constitute a FUNDAMENTAL MISCARRIAGE OF JUSTICE...See HILL v. UNITED STATES 368 U.S. 424 at 428.

THE CLAIMED ERROR CONSTITUTED A FUNDAMENTAL DEFECT WHICH INHERENTLY RESULTS IN A COMPLETE MISCARRIAGE OF JUSTICE OR AN OMISSION INCONSISTENT WITH THE RUDIMENTARY DEMANDS OF FAIR PROCEDURE...THE ERROR MUST "PRESENT EXCEPTIONAL CIRCUMSTANCES WHERE THE NEED FOR THE REMEDY AFFORDED BY THE WRIT OF HABEAS CORPUS IS APPARENT."

The facts speak for themselves and require that the court proceed further in order to ascertain the truth, the petitioner has proffered the requisite proof exposing the outright denial of all **Substantial and Substantive Rights** cited herein this pleading, and even though as petitioner previously pointed out, that there is no Constitutional Right to indictment under the Fourteenth Amendment or the Fifth Amendment, See SMITH v. HALL 874 F.Supp 441 at 443, "Once the state chooses to provide **grand and petit juries**, whether or not constitutionally required to do so, it must hew to federal constitutional criteria"...

See ALEXANDER v. LOUISIANA 405 U.S. 625 at 636.

**IN CONCLUSION:** Judge O'TOOLE'S order or disposition must be **VACATED** until petitioner's second petition has been ADJUDICATED ON THE MERITS,

See SLACK v. McDANIEL 529 U.S. 473 at 478.

Petitioner also aver that any PROCEDURAL BAR invoked would be in repugnant to petitioner's ACTUAL INNOCENCE and certainly would result in a **FUNDAMENTAL MISCARRIAGE OF JUSTICE** if the merits are not reached in petitioner's second petition.

See MURRAY v. CARRIER 477 U.S. 478 at 495.

mandates of CARRIER holding:

POST CONVICTION PETITIONER TO SHOW THAT "A CONSTITUTIONAL VIOLATION HAS PROBABLY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT.

Petitioner is confident that the requisite showing has been made...

*NOTE* petitioner also will be filing another judicial MISCONDUCT complaint against judge O'TOOLE for **denial of issuance** of Order or Disposition of the court in this Habeas proceeding.

Petitioner takes exception to the denial of petitioner's motion for removal of counsel, petitioner is now aware that appointed counsel was left on this case as nothing more than a TROJAN HORSE the court should be well aware by now that petitioner is capable of filing his own pleadings.,or was appointed counsel just in it to make a few bucks.

DATED May 25, 2007

Respectfully Submitted

JESSE R. QUINERLY-W51434
NCCI GARDNER
500 COLONY ROAD
P.O. BOX 466
Gardner, MA 01440