UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12552-GAO

JESSE QUINERLY,
Petitioner

v.

LUIS SPENCER,
Respondent

ORDER
March 19, 2008

O'TOOLE, D.J.

The petitioner seeks a certificate of appealability to appeal my April 19, 2007 Order dismissing his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. In that Order, I denied, on its merits, the petitioner's claim for ineffective assistance of trial counsel as limited to trial counsel's failure to move to suppress the fruits of the search of his residence. I also found that the remaining claims of constitutional error were resolved by the Massachusetts state courts on an independent and adequate state procedural rule of waiver and therefore were ineligible for habeas review.

With respect to claims denied on the merits, in order to issue a certificate of appealability ("COA"), a "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Graham v. Maloney, 121 Fed. Appx. 400, 402 (1st Cir. Feb. 8, 2005), *available at* 2005 WL 289002 at *1(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, a COA will issue

1

"'when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was wrong in its procedural ruling.'" Graham, 121 Fed. Appx. at 402 (quoting Slack, 529 U.S. at 484).

Therefore, I grant the requested COA on the following questions:

1) Was the state court's decision that the petitioner's trial counsel's decision not to bring a motion to suppress the fruits of the search of the petitioner's residence contrary to, or an unreasonable application of, clearly established federal law of Supreme Court precedent, particularly as stated in Strickland v. Washington, 466 U.S. 668 (1984)?

2) Did the district court err in concluding that all of the claims in the petitioner's 28 U.S.C. § 2254 petition were procedurally defaulted?

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge